### STATE v. WILLIAM PATTERSON.

*Indictment—Larceny—Evidence.*

On the trial of an indictment for larceny, it was in evidence that lint cotton was stolen from certain bales on the platform of a ware-house; that on the night of the larceny four bags containing cotton like that stolen were found near by, two of them hidden; that the dedant on the same night was seen near the ware-house behind some wood; that about one month afterwards two bags (containing lint cotton like that stolen) similar in all respects to the bags found near the ware-house were found concealed in defendant's possession; *Held*, that there was sufficient evidence to warrant a verdict of guilty by the jury.

(*Cobb* v. *Fogleman*, 1 Ire. 440; *State* v. *Williams*, 2 Jones 194; *State* v. *Jones*, 3 Dev. & Bat. 122; *State* v. *Johnson*, 1 Winst. 151; *State* v. *Lytle*, 5 Ire. 58; *State* v. *Shaw*, 4 Jones 440; *State* v. *Kent*, 65 N. C 311, cited and approved.)

INDICTMENT for Larceny, tried at January Special Term, 1878, of NORTHAMPTON Superior Court, before *McKoy, J.*

The defendant was indicted in two counts, one for larceny and the other for felonious receiving forty pounds of lint cotton, the property of the Seaboard and Roanoke Railroad Company.

On the trial the State introduced witnesses who testified to the following facts: On the night of December 22d, 1877,

lint cotton was taken from certain bales of cotton in posses-
sion of the company for transportation, while of the plat-
form of the company's ware-house.  On the same night four
guano bags filled with lint cotton, and bearing the mark
" W. C. G. & Special Compound," were found, two of them
hidden under a freight car that stood on a turn-out near by,
and two others on the track of the road.  The defendant
was seen the same night behind some cord wood near the
place, and was also recognized by his voice.

On January 18th following, by the defendant's direction,
some seed cotton was removed from a crib in his possession
and about one mile distant from the ware-house, and while
being removed two guano bags of lint cotton were discov-
ered hidden under the seed cotton.   The cotton in these bags,
as well as the bags themselves, and the marks on them cor-
responded with those found near the ware-house on Decem-
ber 22d, as stated.

The defendant insisted that there was no evidence to go
to the jury on which they were warranted in finding the de-
fendant guilty of either charge.   The objection was over-
ruled, the evidence submitted to the jury, and a verdict of
guilty rendered.  Judgment.  Appeal by defendant.

*Attorney General* for the State.
*Mr. S. J. Wright,* for the defendant.

SMITH, C. J.  (After stating the facts as above.)  The only
question arising on the record for us to consider is;—Was
there any evidence of the larceny, or of the felonious receiv-
ing, which warranted the conviction of the defendant?

If there was no evidence, or if the evidence was so slight
as not reasonably to warrant the inference of the defendant's
guilt, or furnish more than materials for a mere suspicion,
it was error to leave the issue to be passed on by the jury,
and they should have been directed to acquit.  *Cobb* v.

*Fogleman,* 1 Ire. 440; *State* v. *Williams,* 2 Jones 194. If, however, there was evidence proper to be submitted to the jury, the jury alone must weigh and determine its credibility and sufficiency to establish the fact in dispute. It is of the highest importance in the administration of the law, alike in civil and criminal trials, that the respective and well marked functions of the Judge and jury be kept separate and distinct, and in their exercise, neither one be allowed to interfere with the other.

The question now presented is this: Do the facts proved, if believed by the jury, reasonably warrant the inference deduced from them of the defendant's guilt? We are of the opinion that the evidence was properly left to the jury, and that it is not so defective as to authorize the Court on that account to disturb the verdict. It was proved that lint cotton was stolen from some bales on the platform of the company's ware-house on the night of December 22d; and four bags containing cotton like that taken from the bales were found near the place, some on the track, and some hidden under a freight car. The defendant was there at the time, and was seen behind a pile of wood. About a month afterwards two bags in all respects similar to the other four, and with the same marks upon them, filled with the same sort of cotton, were found concealed in a crib in possession of the defendant, under some seed cotton, about a mile from the ware-house; and so far as appears to us no explanation is given by the defendant.

It was not in our opinion an unreasonable conclusion of the jury that the cotton discovered in the defendant's crib was part of that stolen from the bales; and if so, that it was stolen by the defendant. If the identity of the cotton be conceded, the fact of its being found in his crib covered up and concealed under other cotton, with the other concurring evidence, tends strongly to establish the truth of the charge. The possession of stolen property recently after the

theft, and under circumstances excluding the intervening agency of others, affords presumptive evidence that the person in possession is himself the thief, and the evidence is stronger or weaker, as the possession is nearer to or more distant from the time of the commission of the offence. *State v. Jones,* 3 Dev. & Bat. 122 ; *State* v. *Johnson,* 1 Winst. 151. And such evidence must be left to the jury to weigh and consider in determining the question of the defendant's guilt. *State* v. *Lytle* 5 Ire. 58 ; *State* v. *Williams,* 2 Jones 194 ; *State* v. *Shaw,* 4 Jones 440.

In the case of the *State* v. *Kent,* 65 N. C. 311, the facts of which were not unlike those of our case, READE, J., referring to the exception taken that the bacon found was not sufficiently identified as the bacon stolen, says ; " There was however evidence that the bacon found was the bacon stolen. The prosecutrix testified that her bacon was unsmoked and had a yellow mould on it. The bacon found was unsmoked and had a yellow mould on it, and she believed it was hers. And the defendant pointed out the place where the bacon was found and spoke of it as hers."

The evidence in the case was properly left to the jury, and of its sufficiency to prove to their satisfaction the guilt of the defendant, they alone must determine. The Judge who tried the cause had power to set aside the verdict if in his opinion injustice was done to the defendant. He has not thought proper to do so, and we cannot disturb the verdict.

There is no error. This will be certified to the Court below that judgment may be rendered on the verdict.

No error.

PER CURIAM.                    Judgment affirmed.