STATE v. WHITSON WALLER and MALINDA HOIFER.

*Fornication and Adultery—Evidence.*

On a trial for fornication and adultery the evidence was,—that the male defendant, an orphan and a cripple, ten years old, went to live at one H's. where the female defendant resided; she assisted in caring for him, and at H's. death, both defendants removed to another place and have since lived together in a house in which there were three beds; they are aged, the male 23, the female 50 years; a witness testified he went there one morning at 4 o'clock and saw the female in one bed, the other bed in the room not tumbled, and the male was up and dressed, but witness did not know where he staid that night; *Held,* not sufficient to warrant a verdict of guilty.

*State* v. *Patterson*, 78 N. C., 470, cited and approved.)

INDICTMENT for Fornication and Adultery tried at Fall Term, 1878, of CATAWBA Superior Court, before *Gudger, J.*

The facts appear in the opinion. The defendants requested the court to charge the jury that there was no evidence of any criminal intercourse, which was refused; but His Honor told the jury there was some evidence and that they must determine from the circumstances whether there was enough to satisfy them beyond a reasonable doubt of defendants' guilt. Verdict of guilty, judgment, appeal by defendants. *Poteet's case*, 8 Ire., 23, was relied on for the state in this court.

*Attorney General,* for the state.

*Messrs. M. L. McCorkle* and *W. G. Burkhead,* for the defendants.

DILLARD, J. In a recent decision of this court the rule is laid down that if "there is no evidence, or if the evidence is so slight as not reasonably to warrant the inference of the defendant's guilt, or furnish more than materials for a mere

26

suspicion, it is error to leave the issue to be passed on by the jury, and they should be directed to acquit." *State v. Patterson*, 78 N. C., 470.

It is to be collected from the statement made up in the court below for our consideration, that the defendant Waller, an orphan and a cripple, at ten years of age, went to live at one Hoke's, at whose house the defendant, Malinda Hoifer, resided, and she assisted in taking care of and raising him; and at Hoke's death both of the defendants left there and went to live together and have ever since lived together at another place. The defendants are now aged, Waller about twenty-three and Malinda about fifty. They have in their house sometimes two beds and sometimes three, and on one occasion a witness for the state went to the defendants' house about four o'clock in the morning and found the female defendant in one bed, and the other bed in the room not tumbled, and Waller was up and dressed and had a fire built, but witness did not know where he had staid that night.

The facts found are not inconsistent with the entire innocence of the parties. It was not shown that there was no other room in the house than the one in which the state's witness saw the parties at four o'clock in the morning. And the defendants having as it is stated sometimes two beds and sometimes three, and the witness seeing but the one in which the female defendant was lying, and another in the same room not tumbled, it is reasonable to suppose that the defendant, Waller, had lodged the night spoken of by the witness in another room of the house, and on that third bed which he did not see.

The law presumed these parties innocent until the contrary was proved, and the evidence adduced in our opinion was so slight as to give rise to a mere suspicion or possibility of guilt, and not reasonably sufficient to warrant an inference of guilt and the court in the language of the rule an-

nounced in *Patterson's* case should have charged as requested by the defendants and directed the jury to acquit.

Error.           Judgment reversed and *venire de novo.*