CHARLES H. BROWM v. JESSE W. KINSEY, Executor.

*Bond—Validity of—Immoral Consideration—Practice—Insufficiency of Evidence.*

1. The fact that a bond is executed in consideration of past cohabitation does not affect its validity, it not appearing that there was any stipulation for future cohabitation; and this is so, although in fact the cohabitation continues after the execution of the bond.

2. In an action upon such bond, the *onus* is on the defendant to prove the immoral consideration.

3. On the trial of an action, if there be no evidence or if the evidence be so slight as not reasonably to warrant the inference of the fact in issue or furnish more than materials for a mere conjecture, the court should not leave the issue to be passed on by the jury, but should direct a verdict against that party on whom the burden of proof is.

(*Harrell* v. *Watson*, 63 N. C., 454; *State* v. *Waller*, 80 N. C., 401; *State* v. *Patterson*, 78 N. C., 470; *Sutton* v. *Madre*, 2 Jones, 320; *Cobb* v. *Fogalman*, 1 Ire., 440, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of JONES Superior Court, before *Seymour, J.*

The plaintiff assignee brought this action to recover the amount alleged to be due upon certain notes under seal, executed by Ivey King the defendant's testator to one Winefred Hill who subsequently assigned them to the plaintiff. The payment was resisted by the executor upon the ground of immoral consideration, in that, the said Winefred was living in adultery with the testator for some years during his life and up to the time of his death; and that the plaintiff took the notes past due with notice that payment was refused for the reason aforesaid. There was no evidence of any agreement or promise for future cohabitation made at the time of the making of the notes, nor of any statement that they were given for past cohabitation, and the court held that the notes being under seal were good without a

consideration, and declined to submit the question to the jury upon the evidence in the case, stating that defendant should have shown the consideration to be illegal; that past cohabitation did not constitute an illegal consideration, while an agreement for future cohabitation did; and conceding the notes were given on account of the adultery, yet there was no evidence it was for future cohabitation. Defendant excepted. Judgment for plaintiff, appeal by defendant.

*Messrs. Faircloth & Simmons* and *A. G. Hubbard,* for plaintiff.

*Messrs. Green & Stevenson* and *H. R. Kornegay,* for defendant.

DILLARD, J. The case in the court below was four appeals from a justice's court, founded on four bonds executed by the testator of the defendant on the 13th of September, 1872, to Winefred Hill, and assigned by her after due to the plaintiff. By order of the court the actions were consolidated, and the trial was had by a jury on the issue joined on the plea of immoral consideration, and the evidence relied on by the defendant being all in, His Honor being of opinion that the same was not such as reasonably to warrant a finding of the matter of avoidance pleaded, so held. Thereupon the verdict was for the plaintiff and the defendant appealed.

The question on the appeal is whether the evidence adduced was or was not such as in law to authorize and require the judge to submit it to the jury upon which to find the fact of immoral consideration alleged by the defendant.

The evidence was, that the testator of defendant died in October, 1872, and that about five years before his death Winefred Hill, the assignor of the plaintiff, gave birth to a bastard child begotten by him (said testator) and afterwards

in the course of the same illicit intercourse, he executed to her a bond under seal for three hundred dollars. Winefred on her death said he owed her nothing, and that when the bond was delivered to her, testator made no declaration as to his reason or to the consideration moving him thereto. Upon the death of testator's wife, the said Winefred went to live in the house of testator, and took charge of his domestic business about a month before the testator died. And whilst there, on the 13th of September, 1872, during the continuance of the immoral connection, the testator took up the bond for $300 and destroyed it, and then and there executed to said Winefred the four bonds now in suit, one of them falling due on each first day of January in the next four succeeding years, stating at the time that they were executed in place of the bond for $300, and he made no declaration to the motive for the substitution or the consideration on which they were founded.

Upon the issue joined, the bonds under which the plaintiff claims, being under seal, the execution and delivery made them effectual at law, made them *deeds, things done;* and by the common law they had the force and effect to authorize plaintiff to recover without any consideration, with power, however, in the defendant to have the same held null upon proof of illegal or immoral consideration, not from any motive of advantage to him or his testator, but from consideration of the public interest and of morality. *Harrell* v. *Watson,* 63 N. C., 454; 2 Chitty on Contracts, 971; *Collins* v. *Blantem,* 1 Smith's Lead. Cases, 153.

On the trial then, we are to take it that plaintiff was absolutely entitled to recover, unless the defendant showed the immoral consideration alleged, by evidence full and complete, or by proof of such facts and circumstances as would reasonably warrant a jury to find it as a fact. In other words, the *onus* was on the defendant, and in order to defeat the recovery it was incumbent on him to show that the

bonds were not voluntary, that is, not executed as a mere gift, and not on the consideration of past cohabitation, which is legal, but on the consideration, in whole or part, for future criminal intercourse, or to show that the nature of the securities was such as to hold out inducement or constitute a temptation to Winefred Hill to continue the connection.

It is indisputable, that the bonds if executed as a gift by the testator of the defendant to Winefred Hill, the mother of his bastard child, would be legal and enforceable, it not being immoral to assist her by gift to raise his progeny ; and it is equally settled that if they were given for past cohabitation, they would be binding on the ground that the illicit connection was an evil already past and done and the public had no interest to defeat them. The only restriction put on the contracts of the parties is, that they shall not stipulate for future fornication, or in such manner as that the security given shall operate an inducement or motive to go on in the vicious course. 2 Chitty on Contracts, 979 ; *Trovenger* v. *McBurney,* 5 Cowen, 253 ; *Gray* v. *Mathias,* 5 Vesey's Ch. Rep., 286.

In these cases it is held that the continuation of the criminal intercourse after the execution of the bond or contract impeached for immorality, does not invalidate the same ; but that it is to be avoided and held null only on proof that it was executed in whole or part on the understanding that the connection was to continue. This will be apparent from the following extracts taken therefrom : In the case of *Trovenger* v. *McBurney, supra,* the court say : " A bond executed for the cause of past cohabitation, although the connection is continued, is not invalidated thereby." The test always is, does it appear by the contract itself or was there any understanding of the parties though not expressed that the connection was to continue. In the case of *Gray* v. *Mathias, supra,* a bond was given during the cohabitation, and in the course of the cohabitation a second bond was given,

which, upon its face, recited the existing illegal connection and stipulated for its continuance with an annuity for the woman in case of discontinuance; and it was held that the last bond was void, but the former one was good although the cohabitation continued after its execution.

In the case of *Hall* v. *Palmer*, 3 Hare, 532, the bond was executed to the woman conditioned to pay an annuity from and after the death of the obligor, and the parties lived together at the time and continued so to live afterwards upon a declaration of the obligor that he did not intend to break off the connection; and upon a reference to the master, it being found as a fact that it was given for past cohabitation it was held that the continuance of the connection after the execution of the obligation had no effect to invalidate it.

From the principles decided in these cases, it may be taken as settled, that the cohabitation of the testator of defendant with Winefred Hill after the execution of the bonds to her, did not by any legal presumption invalidate the same; and that the same could only be held void on proof that there was an understanding express or implied that the criminal intercourse was to be continued. Applying these principles to our case we have this state of things: At the time the first bond for $300 was given, Winefred testified that testator of defendant owed her nothing, and therefore the bond was voluntary; or if not that, then it may have been on consideration of past cohabitation, and if so, it was valid; or it may have been partly for past and partly for future, or altogether for future intercourse, and if the latter, then the *onus* was on the defendant to prove it otherwise than by mere evidence of a continued connection after the bonds were executed.

The defendant on the trial of the issue had no proof, except of the execution of the bonds in the course of an illegal intimacy between the parties and a continuation thereof afterwards up to the death of the testator, together with an

admission by Winefred, that they were not executed for any debt due to her; and obviously in such state of the proof, the jury could not have done more than have a suspicion and conjecture, whether the bonds were executed as a gift, or for past cohabitation, or wholly or in part for future cohabitation.

The rule is well settled that if there be no evidence, or if the evidence be so slight as not reasonably to warrant the inference of the fact in issue or furnish more than materials for a mere conjecture, the court will not leave the issue to be passed on by the jury, but rule that there is no evidence to be submitted to their consideration, and direct a verdict against that party on whom the burden of proof is. *State* v. *Waller*, 80 N. C., 401; *State* v. *Patterson*, 78 N. C., 470; *Sutton* v. *Madre*, 2 Jones, 320; *Cobb* v. *Fogalman*, 1 Ire., 440.

In our opinion therefore the judge properly held that there was no evidence of the illegal or immoral consideration alleged, and in so doing he committed no error.

No error.                                        Affirmed.