## BYRD v. EXPRESS CO.

(Filed October 17, 1905).

*Negligence—Evidence—Proximate Cause—Section 1498—*
*Damages.*

1. In an action by the plaintiff to recover damages for the death of his intestate, the burden is upon the plaintiff to show that the defendant's alleged negligence proximately caused the intestate's death, and the proof must be of such a character as reasonably to warrant the inference of the fact required to be established, and not merely sufficient to raise a surmise or conjecture as to the existence of the essential fact.

2. In an action to recover damages for the death of plaintiff's intestate alleged to have been caused by the negligence of the defendant in failing to forward a package of medicine for the intestate who was ill with typhoid fever, where the attending physician testified that he believed the chances of recovery would have been better had the medicine been received in time and taken according to directions, and that was as far as he could go, and that the medicine was needful and necessary, a motion to nonsuit was properly allowed, as the evidence does not tend to show that the failure to receive the medicine caused the intestate's death.

3. Where the plaintiff brings an action, under section 1498 of The Code, as administrator of his son, his recovery is limited to the value of the life and he is not entitled to any damages for mental anguish in this form of action, nor for the loss of the services of his child.

ACTION by Rufus Byrd, Administrator of James E. Byrd, against Southern Express Co., heard by *Judge G. S. Ferguson* and a jury, at the May Term, 1905, of the Superior Court of CUMBERLAND County. From a judgment of nonsuit, the plaintiff appealed.

Plaintiff sued to recover damages for the death of his intestate alleged to have been caused by the negligence of the defendant. The intestate, plaintiff's son, about eighteen years old, was ill with typhoid fever at Wade, N. C., on Sep-

tember 11, 1903. His physician, early in the day, gave a prescription for him to a druggist at Fayetteville, who prepared the medicine and handed the package containing it to the agent of defendant company at that place to be sent to Wade, a station on the railroad about twelve miles north of Fayetteville, where the plaintiff with his family resided. The package was received by defendant's agent about fifty-five minutes before the train was due to leave for Wade, and the agent was told that it was important to ship at once, as it contained medicine for a man who was sick. It was not forwarded that day and plaintiff did not receive it until he came to Fayetteville the next morning and got it from the defendant. There was testimony, not necessary to be stated, which clearly shows that no contributory negligence was imputable to the plaintiff in not going to Fayetteville sooner than he did. The attending physician testified, in answer to a question as to the effect the delay in receiving the medicine had upon the patient, that the loss of time would necessarily cause a break "in the chain of treatment," and would in his opinion lessen the chances of recovery; that he had an aggravated form of typhoid fever, and in such case it is required that the patient should have his medicine as regularly as possible. When asked whether, if the medicine had been received in time and taken according to his directions, it would probably have effected a cure or saved his patient's life, he answered that the prognosis in all aggravated cases of typhoid fever is very grave, and he believed that had there been no interruption in the course of treatment, the chances of recovery would have been better and that was as far as he could go. He was then asked if, in the condition of the boy at the time, it was necessary for his recovery that the medicine he prescribed should be taken at noon on the 11th day of September, and he answered as follows: "I would say that was the hope; the medicine was needful and necessary." A mo-

tion by the defendant for a nonsuit was sustained.   Plaintiff excepted and appealed.

*Thos H. Sutton* for plaintiff.
*Rose & Rose* and *Robinson & Shaw* for defendant.

WALKER, J., after stating the case: If it is conceded that there was negligence on the part of defendant, we do not think there was sufficient evidence to be submitted to the jury that it caused the death of the plaintiff's intestate. There must always, in actions of this kind, be a causal connection between the alleged act of negligence and the injury which is supposed to have resulted therefrom.   The breach of duty must be the cause of the damage.   The fact that the defendant has been guilty of negligence, followed by an injury, does not make him liable for that injury, which is sought to be referred to the negligence, unless the connection of cause and effect is established, and the negligent act of the defendant must not only be the cause, but the proximate cause of the injury.   Shear. & Redf. on Negligence (4th Ed.), sections 25 and 26.   The burden was therefore upon the plaintiff to show that defendant's alleged negligence proximately caused his intestate's death, and the proof should have been of such a character as reasonably to warrant the inference of the fact required to be established, and not merely sufficient to raise a surmise or conjecture as to the existence of the essential fact.

In *State v. Vinson,* 63 N. C., 335, this court thus states the rule: "We may say with certainty that evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficent foundation for a verdict and should not be left to the jury."   And in *Brown v. Kinsey,* 81 N. C., 245, it is said: "The rule is well settled that if there be no evidence, or if the evidence be so slight as not reasonably to warrant

the inference of the fact in issue, or furnish more than material for a mere conjecture, the court will not leave the issue to be passed on by the jury." In the later case of *Young v. Railroad,* 116 N. C., 932, the court says: "Judges are no longer required to submit a case to the jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character as that it would warrant the jury to proceed in finding a verdict in favor of the party introducing such evidence." *Cobb v. Fogalman,* 23 N. C., 440; *Wittkowsky v. Wasson,* 71 N. C., 451; *Sutton v. Madre,* 47 N. C., 320; *Pettiford v. Mayo,* 117 N. C., 27; *Lewis v. Steamship Co.,* 132 N. C., 904. In the last cited case, the subject is fully discussed by *Connor, J.,* and the cases collected. It all comes to this that there must be legal evidence of the fact in issue and not merely such as raises a suspicion or conjecture in regard to it. The plaintiff must do more than show the possible liability of the defendant for the injury. He must go further and offer at least some evidence which reasonably tends to prove every fact essential to his success. This has not been done in the case now before us. The right of recovery turns upon the testimony of the physician. He nowhere says that if the medicine had been administered at the time fixed in his directions, the child would have recovered or that in his opinion its recovery was even probable. It is evident that the doctor was unwilling to hazard such an opinion and well might he have refrained from venturing so far. It must be admitted that he prescribed what he thought was best for the child and directed it to be taken as soon as possible, in the hope of arresting the rapidly increasing ravages of this terrible disease, which was fast sapping the life of his patient, but it was hardly within the range of his knowledge to tell afterwards, with any degree of certainty, what the result would have been if his directions had been strictly followed. Under the circumstances of this case, it would be barely more than a guess, there being no certain data or process of reasoning

upon which he could rely for an intelligent opinion. At any rate, the doctor was cautious enough to reduce to the narrowest limit the scope of his answer to the plaintiff's question as to the probable result of a compliance with his directions, when he said "that the chances of recovery would have been better; that is as far as I can go." But this falls very short of tending to prove that the failure to receive the medicine caused the intestate's death. The witness does not say the boy would have recovered, nor that, if the chances of recovery had been increased by taking the medicine at the appointed time, they would still be in his favor or against him. The condition of the patient might have been somewhat improved and yet the chances of recovery still have been decidedly against him, or the prospect of ultimate recovery hopeless. Nor do we think that this uncertain and most unsatisfactory proof was aided in the least by what was afterwards said by the witness. He plainly did not intend to go beyond what he had already said. All that can be legitimately inferred from his last answer is, that he entertained a hope that the medicine would stay the progress of the malady, and that he deemed it necessary for the boy to take the medicine at the time indicated in his instructions to the father. But it could hardly be said that this evidence was of the kind required by the law as a sufficient and reliable basis for a verdict. It would not be at all safe to form a conclusion on such proof, as the jury must not guess, but decide; they must use, not their imagination, but their reason; and there is no room here for anything more certain than rank conjecture.

The plaintiff brings this action as administrator of his son to recover the value of his life under the statute (Code, section 1498), and of course he is not entitled to any damages for mental anguish in this form of action, nor for the loss of the services of his child. Such damages can be assessed only in an action brought in his own name, if at all.

We think His Honor was right in dismissing the action.

No Error.