CLARK, C. J., dissenting.
The facts are sufficiently stated in the opinion of the Court by Mr. JUSTICE WALKER.
This is an action upon contract. The plaintiff alleges that, having been advised that her infant child was about to die, she caused a number of photographic negatives to be made by a friend with her kodak, and that said negatives or films were taken to defendant to be developed and finished, and the films returned and the photographs delivered to the plaintiff, the defendant at the time being engaged in the business of developing such negatives (300) and making photographs from them. The defendant received the films and undertook to develop and finish the same, for a price to be paid by the plaintiff, but having lost them, he failed to return them with the photographs, according to the contract. The plaintiff further alleges that these negatives were the only ones she had of the deceased *Page 242 
child, and she had no other pictures or likeness of her, and defendant received and accepted the films or negatives with full knowledge of the facts. He knew the child was dead and that if the films were lost and the photographs not delivered, the plaintiff would not be able to have a likeness of her child taken. The evidence shows that the films were taken to the defendant on 10 July, 1906, by Mrs. Dora Phillips, a sister of the plaintiff, who delivered them to a clerk of the defendant at its place of business, and he promised to develop them and make photographs from them. The plaintiff, it seems, from her complaint, seeks to recover damages for mental anguish suffered by her, resulting from the loss of the films and photographs from them of her child who died. It may be that, by a very liberal construction of the complaint, we may gather that the plaintiff has alleged that she suffered other damages by the breach of the contract; but this, perhaps, is immaterial, as the recovery was confined by the judge's charge to damages for the mental anguish which she suffered. The jury rendered a verdict for the plaintiff, upon which judgment was rendered, and the defendant appealed.
In order to determine whether there was error in allowing the recovery of damages for mental anguish, it will be necessary to set out particularly what was said by Mrs. Dora Phillips when she delivered the films to the clerk of the defendant. She testified as follows:
"When I went in, he said, `Lady, can I wait on you?' and I answered: `Yes; I have some films to be developed of my sister's little girl.' He was behind the counter and had waited on me before, when I bought some books from him. I left the films with him, and told him that I wanted them developed; that they were pictures of my sister's little girl, and that she was dead. I told him there were several of (301) them and I hoped some would be good, and he replied, `You can get them Monday,' and I said that it was the last we had of them, and if any were good, to finish a dozen and put them on the cards they had, and that I would want more if they were good. He laid the films on the counter and I said, `Be careful of them, as they are the only films we have of the little dead girl.' The films or pictures were taken with a kodak on 3 July, and the child died the next day."
As the films were delivered to the defendant by Mrs. Dora Phillips and the contract was to develop them and make photographs from them for her, without any suggestion or notice to the defendant that she was acting for her sister, Mrs. Thomason, who is the plaintiff, we do not think that, under the cases recently decided by this Court, the latter can recover damages solely for mental anguish.
We held in Helms v. Telegraph Co., 143 N.C. 386, that a party who is not mentioned in a telegraphic message, or whose interest therein is *Page 243 
not otherwise disclosed to the company, cannot recover substantial damages for mental anguish alleged to have been sustained by reason of the non-delivery of the message, and it was said by Justice Brown, who spoke for the Court in that case, that the principle thus announced is supported by the "overwhelming weight of authority." The evidence in that case, of the company's knowledge as to who was the principal, or, in other words, as to the identity of the person in whose behalf the message was sent, was quite as strong as, if not stronger than, the evidence in this case, to fix the defendant with notice of the fact that Mrs. Phillips was acting in behalf of her sister, the plaintiff. In the course of the opinion in the Helms case, Justice Brown says: "The same principle applies where the message is sent for the benefit and at the instance of any one whose name does not appear on its face. The well-known rule laid down in Hadley v. Baxendale, 9 Exch., 345, decided in 1854, has been applied by the Supreme Court of the United States to telegraph cases, and it is held that where the telegraph company is not informed of the nature of the transaction to which the message relates, or of the position which the plaintiff in the action would probably (302) occupy, the measure of damages for negligence is the sum paid for sending. Primrose v. Telegraph Co., 154 U.S. 29; Hall v. TelegraphCo., 124 U.S. 444. Our own Court has adopted the same principle of law as applicable to this class of cases. In Williams v. Telegraph Co.,136 N.C. 82, it is said: `The principle uniformly sustained by the cases upon the subject, some of which we have cited, is that, unless the meaning or import of a message is either shown by its own terms or is made known by information given to the agent receiving it in behalf of the company for transmission, no damages can be recovered for failure to correctly transmit and deliver it, beyond the price paid for the service.' In Cranford v.Telegraph Co., 138 N.C. 162, the plaintiff was not permitted to recover because her interest in the telegram was not shown upon the face of it, and was not brought to the attention of the company, and it is specifically held that `there can be no recovery of damages for delay in the transmission and delivery of a telegram when it does not appear in any way that the plaintiff was the intended beneficiary of the message.' See, also,Kennon v. Telegraph Co., 126 N.C. 232."
We have more recently affirmed the same doctrine in Holler v. TelegraphCo., 149 N.C. 336, and in so far as it is applicable to telegraphic messages, the rule is settled by that case, which cites and reviews all prior cases in this Court upon the subject. A careful reading of that case will show that it was not intended to decide that the beneficial interest of a third party or party not named in the message should be ascertained, and appear by answer to a distinct issue containing an inquiry *Page 244 
as to the fact. We were there dealing with issues inadequate to support the judgment. It would clearly be sufficient if it appeared from the evidence, the charge of the court, and the verdict upon the issues, when considered and construed together, that the defendant had notice of such beneficial interest at the time of the making the contract, or, as held in Peanut Co. v. R. R., 155 N.C. 148, at some intermediate time, under certain circumstances and restrictions therein indicated. The last cited case sustains the proposition hereinbefore stated. (303) Referring to the matter, Justice Hoke says, in substance, that in the Helms case, supra, the contract had been finally broken and was not in the course of performance, and the sole question at issue being the amount of damages for mental anguish suffered, and due to the defendant's negligent act or breach of the contract, "the personality of the party and his relationship to the subject of the message" was material and should have appeared.
Applying the principle thus established to this case, there was nothing said by Mrs. Phillips to defendant's clerk which would lead him to suppose that she was acting for her sister and not solely for herself. There was nothing unusual in having the films developed and the photographs made for herself. The child was her niece and it was perfectly natural that she should place a special and peculiar value upon the films, and desire to preserve a photograph of her. The jury might have guessed or conjectured that she was acting for her sister, but this will not do. Byrd v. ExpressCo., 139 N.C. 273.
The plaintiff, if she establishes her cause of action, will be entitled, at least, to nominal damages, and she may recover the value of the films if she can prove the same. Whether, in ascertaining this value, the jury may consider the "pretium affectionis" — that is, an imaginary value placed upon a thing by the fancy of its owner, growing out of his or her attachment for the specific article, its associations and so forth, which, perhaps, may not inaptly be called its sentimental value — we need not say, as there was no recovery for the value of the films; but it may not be irrelevant to refer to the question, and this being so, we cannot do better than to quote what is said in Hale on Damages at p. 184: "In most cases the market value of the property is the best criterion of its value to the owner, but in some its value to the owner may greatly exceed the sum that any purchaser would be willing to pay. The value to the owner may be enhanced by personal or family considerations, as in the case of family pictures, plate, etc., and we do not doubt that the `pretium affectionis,'
instead of the market price, ought then to be considered by the jury or court in estimating the value. When analyzed, the damage caused by the loss or destruction of property of this nature consists of two elements: First, the loss of the real property value; *Page 245 
second, the grief or mental suffering at the loss of the cherished (304) article. From this we gather what we apprehend to be the true rule, which is that, where property is of such a nature that its loss or destruction, under the circumstances, naturally and proximately causes mental suffering, compensation for such mental suffering may be recovered, in a proper action, in addition to the actual value of the property." Suydam v. Jenkins, 3 Sandf., 621. There is some conflict in the authorities relating to this matter, and we will not now attempt to reconcile them or decide what is the correct principle. It has been held that the sentimental value of property, the "pretium affectionis,"
as it is called, cannot be recovered as compensation for the destruction or conversion of such property. Moseley v. Anderson,40 Miss. 49. It has been said that the satisfaction and pleasure which the possession of an article gives, like the satisfaction which comes from having a contract respected and performed, is of a nature that the law does not recognize as a subject for compensation. Sedgwick on Damages, sec. 251. We find it stated in Parsons on Contracts (3 Ed.), 209, that this pretium affectionis cannot be recovered, unless in cases where the conversion or appropriation of the property by the defendant was actually tortious. Hale on Damages, supra.
We barely allude to the subject in Lumber Co. v. Cedar Co., 142 N.C. at pp. 416 and 417, when discussing the jurisdiction of courts of equity in cases of injunctions, as follows: "The courts of equity finally assumed jurisdiction for the prevention of torts or injuries to property by means of an injunction, under certain safeguards and restrictions, and two conditions were required to concur before it would thus interfere in those cases, namely, the plaintiff's title must have been admitted or manifestly appear to be good, or it must have been established by a legal adjudication, unless the complaint was attempting to establish it by an action at law and needed protection during its pendency, and, secondly, the threatened injury must have been of such a peculiar nature as to cause irreparable damage, as, for instance, in the case of the destruction of shade trees or of any wrongful invasion of property which, by reason of the character of the property or the form of the injury, rendered the wrong incapable of being atoned (305) for by compensation in money, such as torts committed on property and things having a value distinct from their intrinsic worth; for instance, a pretium affectionis, though not a merely imaginary value."
Of course, damages which are merely imaginary or have no real or substantial existence, should not be allowed. In this case the question is purely academic, as it is not presented by any exception, but we considered *Page 246 
it proper that we should make some reference to it, as it is contended that the films had a value peculiar to plaintiff, apart from their intrinsic value.
There was error in the charge under which damages for mental anguish were awarded.
New trial.