### J. S. CAMPBELL v. WASHINGTON LIGHT AND POWER COMPANY.

(Filed 26 April, 1916.)

**Trials—Evidence—Conjecture—Questions for Jury.**

> Evidence, to be sufficient to justify the submission of an issue to the jury, must show more than a mere possibility of the alleged fact, or raise more than a mere conjecture. *Campbell v. Everhart,* 139 N. C., 516, cited and applied.

PETITION to rehear opinion in action, tried before *Whedbee, J.,* at April Term, 1915, of BEAUFORT.

At the conclusion of the evidence a motion to nonsuit was sustained. The plaintiff appealed.

*Daniel & Warren, Manning & Kitchin for plaintiff.*
*Small, McLean, Bragaw & Rodman for defendants.*

PER CURIAM. This action was brought by the plaintiff to recover damages for the death of his intestate child upon the ground that the defendant sold water polluted with typhoid germs and that the child drank the water, contracted typhoid fever, and died from the effects. Upon the conclusion of the evidence offered by the plaintiffs the court granted the motion to nonsuit, upon the ground that there was not sufficient evidence to justify a recovery. At September Term, 1915, this Court affirmed the judgment of the Superior Court in a *per curiam* opinion.

The cause comes before us again upon a petition to rehear and to reverse our former decision. In deference to the briefs filed in the cause by the learned counsel for the plaintiff, we have given the original record a reëxamination, and we feel bound to adhere to our original decision, that the evidence introduced is not sufficient in law to justify a recovery, and that his Honor, *Judge Whedbee,* properly sustained the motion to nonsuit. Evidence which shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture, is not sufficient to be left to the jury. *Byrd v. Express Co.,* 139 N. C., 273; *S. v. Vinson,* 63 N. C., 335.

As is said by *Mr. Justice Walker* in *Campbell v. Everhart,* 139 N. C., at p. 516: "The sufficiency of evidence in law to go to the jury does not depend upon the doctrine of chance. However confidently one, in his own affairs, may base his judgment on mere probability as to a past event, when he assumes the burden of establishing such event as a proposition of fact and as a basis for the judgment of a court, he must adduce

evidence other than a majority of chances that the fact to be proved does exist. It must be more than sufficient for a mere guess, and must be such as tends to actual proof."

The petition to rehear is
Dismissed.