CARL RICE, BY HIS NEXT FRIEND, v. THE NORFOLK SOUTHERN
RAILROAD COMPANY.

(Filed 10 October, 1917.)

**Evidence—Negligence — Sickness — Causal Connection—Burden of Proof—
Trials—Mosquitoes—Malaria—Hookworm—Nonsuit.**

Where damages are sought for sickness alleged to have been caused
from mosquitoes bred from the standing water on the plaintiff's land,
whereon he resided, as a result of defendant's negligence in permitting
its drain pipe to have become clogged, the burden of proof is on the plain-
tiff to show that his sickness was the result and proximate cause of the
negligence alleged; and upon evidence tending only to show that malaria
was prevalent in this locality long before the alleged act of negligence;
that the kind of mosquitoes required to transmit malaria was bred in the
surrounding sea water; that plaintiff had hookworms, which would pro-
duce malaria and the same general appearance, for which he had been
prescribed, but did not take the treatment, and that his attending physi-
cian did not make the only test that was regarded sure to ascertain
whether the malaria was caused by mosquito bites, is held insufficient,
upon defendant's motion, to nonsuit, something more than mere conjecture
being required to take the case to the jury.

CIVIL ACTION, tried before *Stacy, J.,* at June Term, 1917, of CAR-
TERET, upon these issues:

1. Was the plaintiff injured by the negligence of the defendant, as
alleged in the complaint? Answer: Yes.

2. What damages, if any, is the plaintiff entitled to recover? An-
swer: $950.

3. Is the plaintiff's cause of action, or any part thereof, barred by the
statute of limitations? Answer: No.

4. Is the plaintiff estopped to maintain this action by the judgment
rendered at the June Term, 1914, of this court, in the case of W. J. Rice
v. Norfolk Southern Railway Company? Answer: No.

From the judgment rendered, defendant appealed.

*Abernethy & Davis and C. R. Wheatley for plaintiff.*
*J. F. Duncan and Moore & Dunn for defendant.*

BROWN, J. The plaintiff alleges that he is a minor, 18 years of age,
and resided with his father, who is now dead, upon a certain lot belong-
ing to his father, situated in the town of Beaufort. Plaintiff avers that
defendant constructed its roadbed in such a negligent manner in 1906
that water was ponded on said lot; that to relieve this condition defend-
ant caused a drain pipe to be laid to carry the water off, in 1910, which
it allowed to become stopped up, so that water again ponded upon the
lot; that in consequence thereof plaintiff in August, 1911, was made ill
for five weeks with malaria, as the direct cause of mosquito bites.

The defendant avers that W. J. Rice, the plaintiff's father, recovered judgment for this alleged injury to his premises, and in that action also recovered for the illness of his children, including plaintiff.

Defendant further contends that the evidence is not sufficient to establish negligence of defendant as the proximate cause of plaintiff's injury. Defendant sets up other defenses, which we need not refer to.

It appears that W. J. Rice recovered damages against defendant for this alleged injury to his premises, and that in the action was embraced a claim for injury to the health of his children. The case is reported in 167 N. C., 2, where the facts are stated.

It is needless to consider the effect of such recovery upon the rights of the plaintiff, as we agree with defendant that the evidence is insufficient to establish a direct causal connection between the alleged negligence and plaintiff's illness in 1911. It may be difficult to establish such connection in a case like this, but, nevertheless, the burden is on plaintiff to do so, for negligence becomes actionable only when it is shown to be the proximate cause of an injury.

The plaintiff claims that his illness was caused by malaria, communicated by mosquitoes, bred by the water so ponded on the lot.

We will first consider the evidence as to malaria. Dr. Davis, of Beaufort, who attended plaintiff in 1911, testifies that he examined plaintiff only once, and then diagnosed the case as malaria, and treated plaintiff for it, but that he made no microscopic examination of the blood, and that such examination is the only reliable way of detecting presence of malaria.

Dr. Maxwell testified that he examined plaintiff, but not thoroughly, last October; found his condition anæmic; could not say what brought it about; that malaria produces anæmia, and that hookworm will produce same results and appearance.

The undisputed evidence is that plaintiff had hookworm in 1911, and that he was examined by Dr. Strosnider, a hookworm expert, who prescribed for plaintiff in March, 1912, but plaintiff admits that he failed to take the treatment. All the medical testimony is to the effect that hookworm in the system will produce practically the same results as malaria. The Rockefeller hookworm expert who examined plaintiff in 1912 testified that, as plaintiff did not take the treatment, he has had hookworm disease ever since.

Thus we see that it is pure speculation and guesswork as to whether plaintiff's condition was the result of malaria or hookworm. His attending physician is not certain it was malaria, and admits that he did not make the only recognized positive test. All the medical experts agree that hookworm produces the same outward appearance as malaria, and affects the internal organs in similar manner. All the evidence shows

plaintiff was impregnated with hookworm, and that he refused to take the prescribed treatment for it.

We will now consider the evidence as to the mosquitoes. It is testified to by all the experts examined on the trial, and.it appears to be an established theory, that malaria can only be injected into the human system by the female of the anophêles species of mosquito. Malaria is not born in the mosquito, but it has to bite a human being who has it, and by its sting it may transmit it. It is a conveyor and not an originator of the disease.

It is in evidence by Dr. Davis, plaintiff's witness, that no particular locality in Beaufort is free from malaria, and that mosquitoes can breed in salt water; that there are mosquitoes of three varieties in Beaufort; that the culex and the anopheles are the most common.

The evidence shows that witness Hendricks lived on the lot prior to 1876; that the lot was frequently under water then; that the lot was a sunken place, being the lowest point in the block, and adjoining lots naturally drained on it. The evidence shows that there were plenty of mosquitoes around this lot before the railroad was built, and that there were chills and fevers about Beaufort in 1911. One witness testifies that he has lived in Beaufort many years, and that there have been chills and fevers in that town ever since he has lived there.

There is nothing to contradict the evidence that anopheles mosquitoes were generally prevalent in all that section at the time plaintiff became ill. Thus we see that the plaintiff's illness was more likely to have been caused. by hookworm than by malaria, and if by the latter, it is mere speculation as to where the female anepholee was bred that transmitted it.

Referring to the character of evidence essential to establish a fact necessary to be proven, *Mr. Justice Walker* says, in *Byrd v. Ex. Co.,* 139 . N. C., 275: "The burden was, therefore, upon the plaintiff to show that defendant's alleged negligence proximately caused his intestate's death, and the proof should have been of such a character as reasonably to warrant the inference of the fact required to be established, and not merely sufficient to raise a surmise or conjecture as to the existence of the essential fact."

In *S. v. Vinson,* 63 N. C., 335, this Court thus states the rule: "We may say with certainty that evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict, and should not be left to the jury." And in *Brown v. Kinsey,* 81 N. C., 245, it is said: "The rule is well settled that if there be no evidence, or if the evidence be so slight as not reasonably to warrant the inference of the fact in

issue, or furnish more than material for a mere conjecture, the court will not leave the issue to be passed on by the jury."

Reviewing the entire evidence, we think that there is not sufficient probative force in it to justify a rational conclusion that plaintiff's illness was the proximate result of any alleged negligence upon the part of the defendant. To hold otherwise would be to give mere conjecture the probative force and effect of legal evidence.

The motion to nonsuit is allowed. Let judgment be entered accordingly.

Reversed.