K. L. BURNETT v. J. M. WILLIAMS AND J. E. FULGHAM, PARTNERS, TRADING AS WILLIAMS & FULGHAM LUMBER COMPANY.

(Filed 13 February, 1929.)

**Trial—Taking Case or Question from Jury—Nonsuit.**

> Where there is any legal evidence sufficient to support the plaintiff's action, defendant's motion as of nonsuit thereon will be dismissed; and *Held*, in this case the evidence was sufficient to be submitted to the jury.

APPEAL by Williams & Fulgham Lumber Company from *Deal, J.,* and a jury, at May Term, 1928, of HAYWOOD. No error.

It was agreed between the parties, although the action was instituted against the defendants, as partners, trading as the Williams & Fulgham Lumber Company, that in reality the company is a corporation and that this action be continued to final judgment as if it had originally been instituted against the said corporation.

The action was instituted by the plaintiff to recover from the Williams & Fulgham Lumber Company $420, two years interest from 17 March, 1920, to 17 March, 1922, due on $3,500.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Did the defendant, Williams & Fulgham Lumber Company, assume the payment of the interest of the $3,500 note from 17 March, 1920, to 17 March, 1922, in the sum of $420, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff, K. L. Burnett, prior to the institution of this action, pay said interest? Answer: Yes."

The material evidence and assignments of error will be set forth in the opinion.

*Morgan & Ward and M. G. Stamey for plaintiff.*
*Rollins & Smathers for defendant.*

CLARKSON, J. The principal question in dispute is: Did K. L. Burnett assign the contract of 17 March, 1920, to C. K. Peacock or to Williams & Fulgham Lumber Company? If he assigned it to C. K. Peacock, having contracted in writing to pay the interest on the $3,500, then the plaintiff, Burnett, is liable for the $420 interest. If Burnett assigned the contract to Williams & Fulgham Lumber Company, then the lumber company has to pay the interest.

The defendant, at the close of plaintiff's evidence, and at the close of all the evidence, made a motion for judgment as in case of nonsuit. C. S., 567. The court below overruled the motions, and in this we think there was no error.

Without repeating the voluminous evidence, we think it was sufficient to be submitted to the jury on both issues. The probative force was for them. Under all the facts and circumstances of this case, we cannot say that the statements attributed to John Williams, admitted on behalf of plaintiff, were incompetent or prejudicial. The jury could, under all the evidence, have decided with either party. There was a sharp conflict, but the evidence on the part of plaintiff was sufficient to be submitted to them for their consideration.

Defendant in its brief well says: "Evidence that raises a mere suspicion or is conjectural or speculative is not such legal evidence as requires the submission of it to the jury, and such evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict and should not be left to the jury. *S. v. Vinson,* 63 N. C., 335; *S. v. Bridgers,* 172 N. C., at p. 882; *Rice v. R. R.,* 174 N. C., 270." See, also, *S. v. Prince,* 182 N. C., 788; *S. v. Montague,* 195 N. C., 20; *S. v. Swinson, ante,* at p. 103.

The evidence in this action, outside of facts and circumstances favorable to plaintiff's contention, as we construe the language, is the positive evidence for plaintiff on both issues.

Forest Justice, a witness for plaintiff, testified, which was not objected to by defendant: "Q. Did Mr. Burnett ever tell you how he came to get out from up there? Did he tell you he sold out to Mr. Peacock? A. Mr. Burnett told me he sold out to Williams & Fulgham Lumber Company."

K. L. Burnett testified: "I did not have any contract with Peacock. After making this contract with Rogers Brothers, I assigned the contract in writing to Williams & Fulghum Lumber Company. This is the assignment on the paper. (Handed paper to witness.) That is C. K.

Peacock's handwriting. When I signed it, it read just like this : 'I hereby assign the above contract, my title and interest in same, to J. E. Fulgham, of Asheville, N. C., W. and F. L. Co., they assuming the same,' and that is my signature under it.

"Q. Mr. Burnett, I notice that the J. E. Fulgham, of Asheville, N. C., and W. & F. L. Co. has a pencil mark through it and above that it is written C. K. Peacock. I wish you would state what you know about that pencil line or C. K. Peacock's name being inserted. Was that line or C. K. Peacock's name inserted when you signed it ? A. No, sir, it was not.

"Q. I wish you would state if you gave anybody permission to strike out W. & F. L. Co. and insert C. K. Peacock ? A. No, sir."

*W. & F. L. Co.* would naturally be construed to mean defendant Williams & Fulgham Lumber Company.

These matters were denied by defendant, but of course are not for us to determine, but for the jury.

In *S. v. Lawrence, ante,* at p. 578, speaking to the subject, it was said : "It is sometimes difficult to determine what is and is not sufficient evidence to be submitted to a jury. Under the Constitution of this State, this Court has jurisdiction upon appeal to review any decision of the courts below 'upon any matter of law or legal inference.' It is the province of the jury to determine the facts and that of the court to state the law. The right of trial by jury has ever been closely allied with the cause of human liberty."

We have examined the exceptions and assignments of error, and think they are untenable. We can find

No error.