## OWENS v. SOUTHERN RY. CO.

Circuit Court of Appeals, Fourth Circuit.
July 1, 1929.

No. 2834.

Fred D. Hamrick, of Shelby, N. C. (Quinn, Hamrick & Harris, of Shelby, N. C., on the brief), for appellant.

Thomas S. Rollins, of Asheville, N. C., for appellee.

Before WADDILL and PARKER, Circuit Judges, and COCHRAN, District Judge.

WADDILL, Circuit Judge. This is an appeal from a judgment of the United States District Court for the Western District of North Carolina, in favor of appellee, in a suit brought by appellant to recover damages for the death of appellant's intestate.

M. B. Owens, as administrator of Wm. Owens, deceased, filed a complaint against the Southern Railway Company in the superior court of Polk county, N. C., to recover $50,000 damages for the negligent killing of William Owens on the night of June 5, 1924. The action was removed to

the United States District Court for the Western District of North Carolina for trial. The declaration of plaintiff alleged that the deceased was walking upon the railroad or sitting upon the platform in close proximity to the railroad track on the night of the accident, when defendant railroad negligently and carelessly, and without due regard to the statutory law of North Carolina, or the public safety, operated its engine so that it struck and immediately killed deceased, when by the exercise of reasonable and ordinary care and prudence, and by observing the requirements of the statutes of the state of North Carolina respecting the use of electric headlights upon its engines when being operated in the nighttime (North Carolina Code 1927 [Annotated] § 3479), the defendant could have, and would have, seen plaintiff's intestate for a distance of some four or five hundred yards, and could have, by the exercise of ordinary care, prevented the injury and death to plaintiff's intestate.

The defendant railroad company, in answer to the charge of failure to have headlights prescribed by the North Carolina statute on its engine at the time of the accident alleged that such failure should not entitle the plaintiff to recover, for the reason that the railroad company had the right, at the time, to operate its engine back to the city of Asheville without such light, with a view to making necessary repairs thereto; and the defendant company denied all liability for the happening of the accident, and averred that the same occurred solely as the result of the negligence of plaintiff's intestate and the failure on his part to exercise due care for his own protection.

The facts are: About 8 o'clock on the morning of June 6, 1924, the body of William Owens, an auto mechanic about 20 years of age, was found lying between the passenger landing platform and the steel rail of the main line of the Southern Railway track in the town of Saluda, N. C. The body was badly mangled, and the right hand was cut off between the wrist and elbow, and was lying between the rails. The face was bruised, and apparently had been dragged through cinders. A pint bottle two-thirds full of whisky was found some distance away between the rails. Blood was found on the track 30 feet more or less east of where the body was lying. The testimony of several witnesses tended to show that deceased had been seen several times that night, before the accident, with a bottle of liquor, of which he was drinking freely; that he was drunk and staggered, but was able to walk.

At the trial, after all the evidence was in, the District Court was of the opinion that the plaintiff was not entitled to recover, and directed a verdict in favor of the Southern Railway Company, from which action and the entering of judgment thereon the plaintiff appealed, giving as his only assignment of error that the trial court erred in directing the jury to answer the issue of negligence of the defendant company "No," and in holding that upon all the evidence the plaintiff was not entitled to recover.

■ It would not seem necessary to pass upon the question of the application of the headlight statute, and whether it was per se negligence to operate the train without lights under the circumstances, as there is an utter lack of evidence to connect the existence or nonexistence of such light with the happening of the accident to decedent. Conceding the nonexistence of the light, there is nothing in the record from which reasonable men could infer that this was the proximate cause of the death of deceased. There is no evidence to show with any reasonable certainty how deceased met his death, whether he was walking on the track, or fell on the track, or fell down between the train and the platform, or was attempting to board the moving train, or in some way was caught by the train in passing; nor does the proof sustain the plaintiff's allegation that the deceased was walking upon the railroad track or sitting upon the platform in close proximity to the track at the time of the accident. We might speculate and surmise as to just how the accident happened, but at last, taking into account its occurrence in the nighttime, with the plaintiff having been seen a few minutes theretofore in a drunken condition near the tracks of the railroad company, and in the vicinity where the accident happened, it is clear that the same might have occurred in any one of many ways. Evidently the wheels of the train did not run over the body and crush it to pieces, as it would have done if the wheels had passed directly over deceased, but it is manifest that in some way he came into actual contact with the train and thereby lost his life.

Witnesses testified that it was about 2 feet from the north rail of the railroad track to the passenger landing, and the body was found between the north rail and the landing; that the signs of dragging were found in that space; that the landing was 175 feet long and 40 feet wide, approximately, and was raised about 18 inches above the level of the railroad; that about 11 o'clock that night the deceased offered a witness a drink, and

said he was going over into a section of Saluda called Nigger Town, to raise a roughhouse; that at that time he was able to walk and take care of himself; that deceased was not married, did not work some of the time, just lived around and worked part of the time; and that he drank considerably, and was inclined to be shiftless, at times spending his nights away from his home.

The witness Pace testified that he saw deceased about 12 o'clock that night, just before the accident; that he looked as if he had been drinking, and was staggering; that he came out from the highway and turned up the track toward the landing; that, when witness passed him near the depot, deceased was coming out of Nigger Town, and crossed up the track on the landing, on the west side of the depot; that, when he got upon the landing, deceased was about 150 feet from where his body was found the morning after the accident; that the last sight witness had of him he was clear of the track; that witness heard and saw the train coming.

■ Assuming the existence of negligence of the railroad company, or proof of negligence on its part, there must be a causal connection between the negligence and the death of deceased, and there is no presumption of causal connection arising from the mere fact of negligence; and, in the absence of proof of such connection, a judgment as of nonsuit upon the evidence will be sustained. Strickland v. Railroad, 150 N. C. 4, 63 S. E. 161; Rich v. Electric Co., 152 N. C. 689, 68 S. E. 232, 30 L. R. A. (N. S.) 428; Rice v. Railroad, 174 N. C. 268, 269, 93 S. E. 774.

■ The law seems well settled, and this is strikingly true of the decisions of the state of North Carolina, that there is no presumption of negligence arising from the mere proof of injuries or death caused by railroad trains. Upton v. Railroad, 128 N. C. 173, 38 S. E. 736; Hord v. Railroad, 129 N. C. 305, 40 S. E. 69; McArver v. Railroad, 129 N. C. 380, 40 S. E. 94.

It is likewise settled by the North Carolina decisions that, when the evidence is purely speculative and conjectural, the case should not be submitted to the jury, but should be passed upon by the court, since it would be the court's duty to set aside any verdict rendered upon such testimony. State v. Vinson, 63 N. C. 338; Brown v. Kinsey, 81 N. C. 245; Lewis v. Clyde S. S. Co., 132 N. C. 904, 908, 909, 44 S. E. 666; Byrd v. Express Co., 139 N. C. 273, 51 S. E. 851; Crenshaw v. Street Ry. Co., 144 N. C. 318, 56 S. E. 945; Campbell v. Power Co., 171 N. C. 768, 88 S.

E. 630; Rice v. R. R. Co., 174 N. C. 270, 93 S. E. 774; State v. Sigmon, 190 N. C. 684, 130 S. E. 854.

In the last-mentioned case, State v. Sigmon, supra, at page 689 of 190 N. C. (130 S. E. 856), it is said:

"Counsel for defendant, in his able argument and brief, quotes from State v. Vinson, 63 N. C. page 338, and like cases: 'We may say with certainty, that evidence which merely shows it possible for the fact in issue to be as alleged, or which raises a mere conjecture that it was so, is an insufficient foundation for a verdict, and should not be left to the jury.' Brown v. Kinsey, 81 N. C. 245; Byrd v. Express Co., 139 N. C. 273 [51 S. E. 851]; State v. Prince, 182 N. C. 788 [108 S. E. 330]. We think this is the correct law of this jurisdiction."

And in Rice v. R. R., 174 N. C. 268, at page 270, 93 S. E. 774, 775, Justice Brown, speaking for the Supreme Court of North Carolina, said:

"Referring to the character of evidence essential to establish a fact necessary to be proven, Mr. Justice Walker says, in Byrd v. Ex. Co., 139 N. C. 275 [51 S. E. 852]: 'The burden was, therefore, upon the plaintiff to show that defendant's alleged negligence proximately caused his intestate's death, and the proof should have been of such a character as reasonably to warrant the inference of the fact required to be established, and not merely sufficient to raise a surmise or conjecture as to the existence of the essential fact.' "

■ After the most careful consideration, we are forced to the conclusion that the trial court was fully warranted in withdrawing the case from the consideration of the jury, and in directing the issue of negligence in favor of the defendant railroad company, as there was no sufficient testimony that would have warranted the jury in reaching a conclusion favorable to the plaintiff, that is to say, that the negligence of the defendant had been established, and that the plaintiff's intestate received the injuries sued for as a result of such negligence. On the contrary, we are fully convinced that upon the evidence, taking into account the burdens upon the plaintiff to make out his case against the defendant, a verdict could not have been rendered in his favor save by mere speculation and conjecture as to the way in which plaintiff's intestate met his death, upon which this case turns.

The judgment of the District Court is affirmed.