GEORGE A. LANCASTER v. B. & H. COACH LINE, INC.

(Filed 18 December, 1929.)

**Highways B c—Where there is evidence that unlawful rate of speed was proximate cause of injury nonsuit is properly denied.**

Where a passenger in a bus operated by a coach line has been injured in a collision between the bus and an automobile going in the opposite direction, driven negligently from one side of the road to the other, and there is evidence that the bus was exceeding the statutory speed limit, or was operated at such a speed as to endanger life, limb and property, and that the injury to the plaintiff would not have occurred except for the excessive speed of the bus: *Held,* the violation of the legal speed limit is negligence, and not merely evidence of negligence, and when the proximate

cause of the injury is actionable, and the coach line may not escape liability therefor on the ground that the car with which the bus collided was also negligently driven, and a judgment as of nonsuit is properly denied.

APPEAL by defendant from *Sink, Special Judge,* at May Term, 1929, of MECKLENBURG. No error.

This is an action for the recovery of damages for personal injury alleged to have been caused by the defendant's negligence in operating its bus at the time of its collision with an automobile driven by J. W. Register. The defense was the alleged sole negligence of Register. The jury answered the two issues submitted in favor of the plaintiff, who was given a judgment upon the verdict. The defendant excepted and appealed.

*D. E. Henderson and Stancill & Davis for plaintiff.*
*John W. Hester for defendant.*

ADAMS, J. The defendant's motion for nonsuit raises the question whether there is sufficient evidence to support the verdict, for it must be conceded that the defendant's contentions, if accepted by the jury, would have warranted a verdict against the plaintiff.

The collision occurred on 30 March, 1928, between Newton and Conover, the bus moving to the west and Register's car to the east. The plaintiff, a passenger on the bus, occupied the second seat behind the driver. According to his testimony the highway was eighteen or twenty feet wide and was straight for half a mile. A quarter of a mile in front of the bus the approaching car was seen to be running from one side of the road to the other; and the plaintiff called this to the driver's attention. When first seen it was on the wrong side of the road; it passed two or three times to the right and two or three times to the left. Again it went to the right and finally to the left; and soon thereafter the collision occurred. A few seconds before the impact the bus was moving at a rate in excess of fifty-five miles an hour, and at the moment of the clash, which took place near the center of the road, the car was turning to its right and the bus to its left.

The driver of the bus testified that its speed was about thirty-five miles an hour; that he could have stopped the bus within forty feet; that Register, when about eighty feet distant from the bus, turned again to the wrong side of the road and stayed there; and that the bus then slowed down to twenty or twenty-five miles an hour.

In these circumstances we cannot hold as a matter of law that there was no evidence of negligence on the part of the defendant. It is provided by statute that no person shall drive a vehicle on a highway at a greater

rate of speed than forty-five miles an hour, or at such a speed as to endanger the life, limb, or property of any person. Not only is it made prima facie unlawful for any person to exceed the speed limit; the violation of any of these provisions is made a misdemeanor. C. S., 2621 (46), 2621 (100).

The failure, without legal excuse, to obey the provisions of a statute is negligence, and such negligence when the proximate cause of an injury is actionable. *Ledbetter v. English,* 166 N. C., 125; *Clark v. Wright,* 167 N. C., 646. Whether the negligence complained of is the proximate cause of the injury suffered is ordinarily a question for the jury. *Byrd v. Express Co.,* 139 N. C., 273; *Saunders v. R. R.,* 167 N. C., 375; *Lea v. Utilities Co.,* 175 N. C., 459; *Ridge v. High Point,* 176 N. C., 421.

It was the contention of the plaintiff that the defendant disregarded two express inhibitions of the statute in driving fifty-five miles an hour and at such speed as to endanger life, limb, and property; that the car was light and the weight of the bus was 9,000 pounds; and that if the bus had been stopped before the collision, as it could have been, or its speed had been materially reduced, the injury would probably have been averted.

These contentions were submitted to the jury under instructions which are free from error. The defendant's position that a breach of the provisions above set forth is only evidence of negligence is distinctly disapproved in *Ledbetter v. English, supra.*

The instruction which is pointed out in the fourth exception is not unfavorable to the appellant; at any rate we find nothing in it of which the appellant can justly complain.

No error.