WILLIAMS v. THE CENTRAL R. R. OF IOWA.

1. **Negligence:** RAILROADS: COUPLING CARS. In an action against a railway company for injuries to a brakeman, who in attempting to couple cars failed to do so at the first attempt and, instead of stepping out from between them, as he might have done, continued the attempt as the cars were moving on, and caught his foot in the frog, whereby he was injured, it was held that although the company failed to furnish cars which coupled readily, yet its failure was not the proximate cause of the injury entitling plaintiff to recover.

*Appeal from Marshall Circuit Court.*

MONDAY, JUNE 12.

ACTION to recover for personal injuries. The plaintiff was a brakeman on defendant's road, and was injured by reason of his foot becoming caught in a frog, while attempting to couple cars. The draw-heads of the cars which he was attempting to couple were not perfectly matched. On that account the plaintiff failed to make the coupling as he expected, and while attempting to make it, the cars were shoved along a foot or two or more, and the plaintiff's foot was caught in a frog. Judgment for plaintiff. Defendant appeals.

*Brown & Sears*, for appellant.

*Henderson & Merriman*, for appellee.

ADAMS, J.—The question presented in this case is as to whether the accident was the natural and proximate result of the defective construction of the cars. According to the plaintiff's theory, the accident resulted from his remaining between the cars with his mind intent on coupling, while they were being moved along a foot or two or more, so as to bring him directly over a frog without his observing it. His remaining, however, between the cars was a matter of his own volition. On this point he testifies: "If I had made the coupling I could have stepped out. I don't know but I could have stepped out, when I couldn't make the coupling, if I had wanted to. I suppose I could have stepped out just as though the coupling had been made." The court gave the jury the following instruction:

" If plaintiff was unable to make the coupling, yet having a reasonable expectation of being able to accomplish it, and while so acting, was forced along by the moving train, and caught his foot in the frog by reason of the imperfect construction of the cars and had it crushed, you will find for the plaintiff."

In giving this instruction we think the court erred. No negligence is attributed to the company on account of the frog. Whatever danger of plaintiff stepping into it there might have been by reason of his moving along with the train, was an open and well known danger, and not to be obviated by any greater care or skill of the company, so far as the frog was concerned.

The defendant's liability arises, if at all, by reason of having caused the plaintiff to be thrown off from his guard. It did not arise from his being forced an unnecessary distance over necessarily dangerous ground. He admits he could have stepped out. Instead of so doing he stepped forward a little, or remained subject to the movement of the train, to accomplish the coupling. At most, then, he was induced by his failure to couple readily to move, or allow himself to be moved, over dangerous ground.

The plaintiff's argument in substance amounts to this, that if brakemen move along the track they are in danger of step-

ping into a frog; that brakemen will move along the track, if they fail to couple in the first instance; therefore, if a railroad company fails to furnish cars that can be coupled readily, such failure will cause brakemen to step into a frog. It is sufficient to say that we do not think the accident was the proximate result of the negligence complained of.

REVERSED.

SEEVERS, CH. J., having been of counsel in this case, took no part in its determination.