O. L. FRY v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 15 May, 1912.)

Railroads — Master and Servant — Disobedience of Orders—Proximate Cause—Instructions.

> In an action for damages brought by an employee of a railroad for an injury to his hand received in uncoupling an airbrake between two cars, the evidence upon the issue as to defendant's negligence was conflicting, alone presenting to the jury the question as to whether the uncoupling was done after the train had stopped, or while it was in motion, which would be disobedience of the defendant's rules, of which the plaintiff was aware at the time. A charge was held to be erroneous which made no distinction, on the issue of negligence, whether the plaintiff attempted to disconnect the air-brake when the train was at a standstill or while it was in motion, and also in that the court instructed the jury that the defendant was not negligent if the injury was received by plaintiff's act in disobedience of orders, leaving out the question of proximate cause.

ALLEN and HOKE, JJ., concurring; CLARK, C. J., dissenting.

APPEAL by defendant from *Lyon, J.,* at January Term, 1912, of MECKLENBURG.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*McCall & Smith, E. R. Preston,* and *N. R. Graham* for plaintiff.
*O. F. Mason* and *Shannonhouse & Jones* for defendant.

WALKER, J. This action was brought by the plaintiff to recover damages for injuries received while uncoupling an air-hose between two cars, and which he alleges were caused by the negligence of the defendant. The rules of the railroad company prohibited employees from going between cars, while in motion, for the purpose of coupling or uncoupling cars, and plaintiff was aware of this rule at the time of the accident, and knew that he was also forbidden by it to go between cars, while in motion, even by the order of the conductor. He testified that when he was ordered to uncouple cars it was his duty to wait until the train had stopped, and then execute the order.

He was ordered by the conductor to uncouple the cars, but knew, as he stated, that he was to do so only when the cars had stopped. He also knew that he was not bound or permitted to obey an order to uncouple cars when moving, and he was fully protected by the rules in refusing to do so, and he testified that he would not have obeyed such an order and he did not receive any such order, but he was ordered to uncouple after the cars had stopped. He further testified that the cars had come to a full stop when he went between the cars to uncouple. While performing his duty, the cars were started, and his left hand was caught between the dead blocks or bumpers and crushed. This was his version. The defendant alleged and offered evidence to show that the cars were in motion when he attempted to uncouple, and he was hurt by this movement of the cars, and not by starting them after they had stopped. So that the issue was squarely made, whether he was injured by the starting of the cars after they had once stopped or by going between moving cars. The plaintiff had agreed in writing to abide by the rules of the company and observe the same while in the discharge of his duties, and not to hold the company liable for any injuries to himself resulting from his own disobedience or infraction of the rules. Upon this state of facts the court charged the jury, with reference to the first issue, as follows: "It is the duty of an employee of a railroad company to obey the orders and directions of the master, and if you should find by the greater weight of the evidence in this case that W. R. Murray was acting as yardmaster for the defendant's lessee, as alleged in the complaint, and was engaged in making up a train of cars in the defendant's yard in or near the city of Charlotte on 2 December, 1910, and that while thus engaged he ordered the plaintiff, who was an employee of the defendant's lessee, to go between two of the cars and to cut off or uncouple the air-hose attached to said cars, and if you should further find that the plaintiff, in obedience to said order, went between the cars, and while he was between the cars, and in the act of uncoupling the air-hose, the defendant's lessee jerked or shoved the train and injured the plaintiff, as alleged, the court instructs you that this would be negligence on the part of the

defendant's lessee, and you should answer the first issue 'Yes.' "
We think that this instruction was erroneous in two respects.
It authorized the jury to find that there was negligence if
the plaintiff went between the cars to uncouple the air-hose,
while the train was in motion and in disobedience of the rule,
and was thereby injured, whereas the defendant, by its rule or
regulation, had provided a perfectly safe way for the work to
be done, that is, by waiting until the cars had stopped, when
it was the duty of the engineer to protect him and not to move
the train until he had uncoupled the hose and notified the engi-
neer of the fact by the proper signal. It will be observed that
the court, in the instruction, makes no distinction between un-
coupling when the cars were in motion and when they were
not. Besides, the jury could have answered the first issue in
the affirmative, if they had found that his going between the
cars in obedience to an order was not the proximate cause of
his injury. In this respect a similar instruction has been con-
demned by this Court. *Edwards v. R. R.*, 129 N. C., at marg.
p. 81. There was no reference in the instruction to proximate
cause, the charge being that negligence on the part of the de-
fendant was, of itself, sufficient to warrant a finding for the
plaintiff on the first issue.

The court charged the jury, upon the second issue, as fol-
lows: "The second issue is, 'Did the plaintiff, by his own negli-
gence, contribute to his injury, as alleged in the answer?' Now,
if you find from the evidence, by the greater weight thereof, the
burden being on the defendant to so satisfy you, that the plain-
tiff was guilty of contributory negligence in that he went be-
tween the cars when they were moving, and attempted to release
the air-brakes, and you find that the going between the cars,
while they were moving, was the proximate cause of the injury
complained of, then you will answer the second issue 'Yes';
otherwise, you will answer it 'No.' " The jury returned a ver-
dict for the plaintiff, and judgment having been entered thereon,
defendant appealed.

We think the charge upon the issue as to contributory negli-
gence was erroneous, and the judge should have told the jury
that if the plaintiff was injured because he went between the

cars, while in motion, to uncouple, in disobedience of the rule, it was, in law, the proximate cause of his injury, which could not be imputed to the negligence of the company, but to his own carelessness and deliberate violation of the rule which was made for his protection. It is plain that if the cars were moving, the plaintiff's injury was caused solely by his disobedience of the rule, in trying to uncouple the hose when the cars were thus moving. Nothing done by the engineer in the movement of the train, if it caused the injury, would be negligent, as it was not expected that the plaintiff would go between the cars while they were moving, and jerks will frequently occur in such cases. If the engineer knew he was between the cars, even though they were moving, and did something willfully and for the purpose of injuring him, or even negligently, a different question would be presented, but there is no such evidence in this case. The plaintiff was injured by the starting of the cars, when he was between them for the purpose of uncoupling the hose, according to his contention, or he was injured by his own folly and disobedience of the rule in going between the cars when they were moving. In the latter case the law refers the injury to the plaintiff's own negligent and disobedient act.

In *Stewart v. Carpet Co.,* 138 N. C., 60, discussing a similar question, we said: "It follows that if the jury had taken the defendant's view of the evidence and found that plaintiff was, at the time of his injury, acting in disobedience of orders, no negligence could be imputed to the defendant, even if the elevator was defective, as defendant omitted no duty to the plaintiff in respect to its condition, as we have stated, and the plaintiff's own act in disobeying instructions would, in law, be regarded as the proximate and, indeed, the only cause of his injury. The defendant was entitled to have this view of the case submitted to the jury, but the charge of the court excluded it." And in *Whitson v. Wrenn,* 134 N. C., 86, the same principle is stated, as follows: "Instead of the plaintiff having been commanded to do a dangerous act, it is assumed in the instruction, and there was evidence to show, that he was ordered to do the particular work assigned to him in a safe way, but elected to do it in his own way, which turned out to be a dangerous

one, and which actually resulted in his injury. The law, under such circumstances, refers the injury to his own fault, and not to any wrong on the part of his employer."

It has been held directly in other jurisdictions that, if an employee attempts to couple or uncouple cars while they are in motion, in violation of the company's rules, which are known to him and which provide a safe way for doing the work, and is injured, he is guilty of such negligence as bars his recovery of damages. *Sedgwick v. R. R.,* 76 Iowa, 340; *Darracott v. R. R.,* 83 Va., 288; *Johnson v. R. R.,* 38 W. Va., 206; *Fennill v. R. R.,* 129 N. Y., 669.

In *Johnson v. R. R., supra,* the Court said: "It appears from the plaintiff's own testimony that, if he did not in fact read the rule of the company, he frequently had it in his hands with opportunity to read it, and from the testimony of one of his witnesses, that 'men are always notified not to go in between the cars to uncouple, while they are in motion, and that it is unnecessary, and obviously dangerous at all times'; and it is equally clear from plaintiff's own testimony, and that of his witnesses, that his violation of this rule was the proximate cause of his injury, without which it would not have happened. To hold otherwise would be giving a party the advantage of his own wrong." See, also, *Mason v. R. R.,* 111 N. C., 499, and 114 N. C., 724.

He was not ordered to uncouple while the cars were in motion, but to do so after they had stopped; there was not any defect in the construction of the cars, if that would make any difference in this kind of case; the plaintiff knew that he had been forbidden to uncouple the angle cock or the hose while the cars were moving, and that it was dangerous to do so, and he would not have done so because of the danger and the rule of prohibition. This is his own testimony. The question of fact, as to whether he attempted to uncouple the cars while they were in motion, or when they were at rest, was one for the jury.

The error in the instruction of the court consists in leaving to the decision of the jury, as a question of fact, whether, if he attempted to uncouple moving cars, his disobedience of the rule was the proximate cause of the injury, as it was plainly so as

matter of law. If his testimony is accepted as true, he was not ordered to go between moving cars, but to wait until the cars had stopped; so that it necessarily follows that the engineer and conductor did not know he was between the cars while they were in motion, and there is no evidence that they did. How, then, could they be guilty of negligence with respect to him? By his own words, he had assumed a perilous position, if he violated the express order and went between moving cars, and his own confessed negligence was not only the proximate cause, but the sole cause of his injury. This is in accordance with reason and the acknowledged rule of law. It is not opposed to the precedents nor does it violate any statutory provision or change the burden of proof as fixed by law.

There was error in the following instruction as to damages: "If you find that he has been permanently injured, and that such injury partially incapacitates him to earn money, then he would be entitled to recover damages for partial incapacity, if you find the injury was caused by the negligence of the defendant. He would be entitled to recover the difference between what he is able to earn at the present time, and in the future, and what he would have been able to earn if the accident had not happened; and passing upon his expectancy, the mortuary table has been read to you, and you will bear that in mind in awarding damages, if you find that the plaintiff is entitled to recover anything." In an action for injuries by negligence, such as this one, the plaintiff is only entitled to recover the reasonable *present value* of his diminished earning power in the future, and not the difference between what he would be able to earn in the future, but for such injury, and such sum as he would be able to earn in his present condition. *R. R. v. Paschall,* 92 S. W., 446. Where future payments for the loss of earning power are to be anticipated by the jury and capitalized in a verdict, the plaintiff is entitled only to their present worth. *Goodhardt v. R. R.,* 177 Pa. St., 1. The damages to be awarded for a negligent personal injury resulting in a diminution of earning power is a sum equal to the *present worth* of such diminution, and not its aggregate for plaintiff's expectancy of life. *O'Brien v. White,* 105 Me., 308. The rule, as we see, may be

stated with varying phraseology, but they all carry the same idea, that the estimate should be based upon the present value of the difference between plaintiff's earning capacity, and not the total difference caused by the injury. The rule is supported by many authorities in this and other jurisdictions. *Pickett v. R. R.,* 117 N. C., 616; *Wilkinson v. Dunbar,* 149 N. C., 20; *Benton v. R. R.,* 122 N. C., 1007; *Watson v. R. R.,* 133 N. C., 188; *R. R. v. Carroll,* 184 Fed. Rep., 772; *Fulsome v. Concord,* 46 Vt., 135; *Kenny v. Folkerts,* 84 Mich., 616.

Nothing said in this opinion conflicts with the decision in *Boney v. R. R.,* 155 N. C., 95, as in that case it was adjudged that the defendant had the last clear chance to avoid the injury to the plaintiff, by displaying the proper signal at the switch, notwithstanding any negligence of the plaintiff in disobeying the rule of the company which limited the speed of the train at the place of the accident to six miles an hour.

New trial.

ALLEN, J., concurring: I agree with the opinion of the Court that the question of proximate cause is involved in the first issue, and that before the jury can answer that issue in the affirmative they must find that the defendant was negligent and that this negligence was the proximate cause of the injury.

Otherwise, the jury could find that the defendant was negligent and that the plaintiff was not guilty of contributory negligence, and could award damages to the plaintiff without finding that the negligence of the defendant caused the injury to the plaintiff.

I also concur in the opinion expressed by the *Chief Justice,* which I do not understand to be controverted, that the negligence of the plaintiff, before it will bar his recovery, must be contributory, and that to be contributory it must be either the sole proximate cause of the injury or it must concur in point of time with the negligence of the defendant in bringing it about; but I do not think there is any reasonable view of the evidence in this case tending to show that the plaintiff went between the cars while they were in motion, that the cars

stopped, and that he was then injured by a sudden movement of the train, and it is upon this view that the opinion of the *Chief Justice* is predicated.

The only question of fact in dispute between the plaintiff and the defendant was whether the cars were in motion when the plaintiff went between them, and the plaintiff did not testify or contend that he went in while the cars were in motion, that they then stopped, and that he was afterwards injured by the movement of the cars; and I agree to a new trial because I do not think that the jury could have understood from the charge that the determination of the issue depended almost entirely upon this one fact.

HOKE, J. I concur in the decision that a new trial should be awarded, being of opinion that there was error in the instruction as to damages.

CLARK, C. J., dissenting: Notwithstanding the rules of the company prohibited employees from going between cars while in motion, if the plaintiff had orders to do so from the yard-master, and was injured in consequence, the company is liable. *Mason v. R. R.,* 111 N. C., 485; *s. c.,* 114 N. C., 718.

On the first issue, "Was the plaintiff injured by the negligence of defendant?" there is no question of proximate cause, but of direct cause. The language of the issue itself is clear as to this, "Was the plaintiff injured by the negligence of the defendant?" The court charged in accordance with the precedents and the jury found in the affirmative.

The second issue is, "Was the plaintiff guilty of contributory negligence?" Upon the very frame of the issue the question of proximate cause is its essential element, which the statute requires the defendant to allege and prove. Unless the negligence of the plaintiff contributed to the injury, *i. e.,* was the proximate cause thereof so as to exculpate the defendant from liability for the injury which on the first issue the jury found the defendant caused the plaintiff by its negligence, then the defendant is liable. The very heart of the issue is the inquiry of fact as to whether the plaintiff contributed to the injury, and by such negligence as was the proximate cause of the injury he

sustained. The charge of the court properly presented the real issue of fact in controversy, and that was, "Did the plaintiff by stepping in between the moving cars, if he did so step in (which the plaintiff testified that he did not), contribute to his injury, or was it an act entirely disconnected with the injury, which was caused solely by attempting to uncouple the hose while the train was stationary?"

The jury found either that the plaintiff did not step in between the cars while in motion, which was his testimony, or that, if he did, this did not contribute to—that is, that it was not the proximate cause of—the injury, but was totally disconnected with the injury, which was caused by the sudden jerking of the car while the plaintiff was uncoupling the hose after the train had stopped. This was a question of fact for the jury, as to which the judge could have expressed no opinion.

The lawmaking power of a just and humane people has often found it necessary to legislate for the protection of employees injured in the service of railroad companies. It has been enacted (now Revisal, 483), contrary to the former ruling of this Court in *Owens v. R. R.*, 88 N. C., 502, that the burden is upon the defendant to allege and prove contributory negligence. It must not only prove negligence on the part of the plaintiff, but that his negligence was the proximate cause of his injury. A later act (now Revisal, .2646) cut off the defenses of the assumption of risk and that an injury was caused by the negligence of a fellow-servant. The Federal statute not only embraces the above provisions, but it has gone further and has provided that contributory negligence shall not be a bar to any action, but can only be considered by the jury in estimating the amount of the recovery. This is doubtless the result of the decisions of some courts upon above statutes, not in accord with their spirit.

To hold that the proximate cause is a question of law for the court, and not one of fact for the jury, is to reverse our entire doctrine in regard to negligence. When we adopted the "rule of the prudent man" we made negligence an issue of fact and not one of law. Proximate cause has always been an issue of fact to be found by the jury.

On the issue of damages the court erred in the respect pointed out, but this entitles the defendant merely to a new trial upon that issue, for the error is totally disconnected from the issues as to negligence and contributory negligence.

There should be a partial new trial over the issue as to damages only.