### 10819

### LIPFORD v. GENERAL ROAD & DRAINAGE, ETC., CO.

#### (110 S. E. 405)

HIGHWAYS—TRUCK OWNER'S NEGLIGENCE IN PARKING ON HIGHWAY AT NIGHT WITHOUT LIGHTS, HELD FOR JURY.—In action for damages to an automobile in collision with defendant's unlighted truck parked on highway during the night time, the question of defendant's negligence *held* for the jury.

Before FEATHERSTONE, J., County Court, Greenwood, May, 1921. Affirmed.

Action by W. C. Lipford against General Road and Drainage Construction Co. Judgment for plaintiff and defendant appeals.

The complaint, omitting the formal parts thereof, is as follows:

"(2) That heretofore, to wit, on the 9th day of April, 1921, at about 8:15 o'clock p. m., the plaintiff was traveling in a Ford automobile along a concrete road which was

in the process of construction by the defendant company between South Greenwood and Greenwood, in the county aforesaid, traveling north, and that while so traveling his car ran into and collided with a Ford truck loaded with a concrete hopper, the property of the defendant company, and used in its work, which was standing on the eastern edge of the concrete road, the plaintiff being unable to see the said truck before colliding with it, due to the fact that it was dark.   I was going down the concrete road at a rate of about 10 or 12 miles an hour.   I saw some one coming down to meet me.   I slowed down to dim my lights and turned out.     The first thing I knew I struck something.   The person I saw meeting me was Mr. Campbell.   I had slowed down my speed in order to dim my lights.   I didn't have any dimmer on my car.   That is the way to dim lights on a Ford.   The other fellow had dimmed his lights and I slowed down to dim mine.   Then I struck the truck.   It was not in motion.   It was a truck with a steel hopper on it which is used to haul concrete.   The truck and hopper were the same color as the concrete when I struck it.   I think not less than four feet of the truck extended on the concrete.   When I struck it it killed me for the time being. "

The appellant's attorneys in their argument claim that the following are the undisputed facts:

"The defendant was engaged in the building of a concrete road for Greenwood County, just outside the corporate limits of the town of Greenwood, and the concrete road extended about two miles beyond the corporate limits. The greater part of the road had been completed, and traffic was just being turned upon it.   The concrete plank was 18 feet wide.   The entire width of the road was 28 feet, there being 5 feet of dirt road on each side of the concrete plank.   (See Folios 13-15.)   On the afternoon of April 9, 1921, the defendant's truck was returning to town from the day's work, along this concrete road, when for

some reason it stopped running, and would not start again. Those in charge of the truck rolled it off to one side of the road and parked it there at an angle of about 20 degrees to the road, so that the front wheels of the truck were on the edge of the ditch, and the right rear wheel was off the cement, while the left rear wheel was on the cement. (See testimony of plaintiff's witness, Folio 23.) The truck was left standing without lights for the night. About 8:15 p. m. the plaintiff, driving along the concrete road, ran his automobile into the rear of the standing truck, and his automobile was considerably broken up. The truck was also considerably damaged."

At the close of the testimony, the defendant's attorneys made a motion for the direction of a verdict in its favor, on the ground that there was no proof of actionable negligence, and that the undisputed testimony showed that the accident was caused by the negligence of the plaintiff. This motion was refused. His Honor, the presiding Judge, charged the jury that the plaintiff was not entitled to punitive damages.

The jury rendered a verdict in favor of the plaintiff, for $180, and the defendant appealed.

*Messrs. Grier, Park & Nicholson,* for appellant, cite: *Negligence cannot be inferred from fact that plaintiff ran into defendant's truck:* 107 S. C. 17.

*Messrs. Tillman, Mays & Featherstone,* for respondent, cite: *Negligence of defendant was for the jury:* 90 S. C., 25; 96 S. C., 425; 100 S. C., 294; 101 S. C., 86; 108 S. C., 397; 20 R. C. L., 140, 142; 29 Cyc., 659-C.

January 25, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The only exception upon which the defendant appealed is as follows:

"(1) It was error on the part of the presiding Judge to refuse to direct a verdict in favor of the defendant, the error being: (a) The undisputed testimony shows that the only act of which the defendant was guilty was the parking of its car on one of the highways of the county in the usual and customary manner and that the sole cause of the accident was the manner in which the plaintiff operated his car. (b) There was no evidence tending to prove negligence against the defendant in the particulars mentioned in the complaint."

The testimony is susceptible of more than one inference as to negligence; therefore the exception must be overruled.

Affirmed.