HOGGARD v. BROWN, ADMINISTRATOR.

(Filed 10 November, 1926.)

**1. Pleadings—Allegations—Fraud.**

Allegations of fraud to disprove that a check accepted in full for services rendered must be sufficiently alleged in the complaint in all its essential elements to admit of parol evidence to the contrary.

**2. Same—Evidence.**

Evidence of fraud in the procurement of a receipt, in this case written upon a check cashed by the creditor, is erroneously admitted when the allegations of the complaint are insufficient.

**3. Same—Debtor and Creditor—Receipts—Checks.**

Where the creditor has received a check with entry thereon it was in full for services rendered, allegations of fraud in its procurement, that she could barely more than write her name, without averment that she was so situated as not to have the check read to her or otherwise inform herself of the contents, is insufficient to admit of parol evidence to the contrary.

**4. Issues—Verdict—Fraud—Appeal and Error.**

Where an issue of fraud in the procurement of a receipt is so interwoven under the evidence and the law of the case, with other issues submitted, that the answers of the other issues are influenced by it, the verdict on the issue of fraud will not be considered as immaterial.

CIVIL ACTION, tried before *Nunn, J.,* at May Term, 1926, of ALAMANCE.

Plaintiff brought an action against the defendant, Brown, adminis-trator of George H. Troxler, alleging that on 1 November, 1923, George H. Troxler, defendant's intestate, being an old man, infirm, and an invalid, moved to her house, and she waited upon him until his death on 27 August, 1924; that on account of the condition of said Troxler, by reason of age and infirmity, it was necessary for her to give nearly all of her time and attention to him in order that he might be properly cared for, and that her services were worth $10.00 a day, aggregating for the whole period the sum of $3,000.00.

The defendant alleged and offered evidence tending to show that he had a contract with plaintiff to care for his intestate, by the terms of which he was obligated to pay the plaintiff $20.00 a week for services rendered the intestate, and also to pay $10.00 a week to Miss Cobb, a nurse who was employed to help plaintiff care for the intestate. Various payments of $20.00 had been made to plaintiff during the period, and on 8 September, 1924, defendant sent a check to the plaintiff in words and figures as follows: "Burlington, N. C., 9-8-1924. No. 1. First Savings Bank 66-637. Pay to the order of Mrs. W. C. Hoggard $20.00—Twenty Dollars insured—Dollars. Services and Board. Geo. H. Troxler, to date. W. W. Brown, administrator for Geo. H. Troxler, m. m. Endorsed on back: "Mrs. W. C. Hoggard, Burtner Furniture Co."

The intestate died on 27 August, 1924, and this check was, therefore, sent some days after his death. The defendant contended that the check, having been received and cashed by the plaintiff, constituted a settle-ment between the parties. It appears also that the intestate, George H. Troxler, had given to plaintiff a check for $1,000.00 on 30 June, 1924. Plaintiff contended that this check was a gift.

The plaintiff filed a reply alleging: "That if the defendant has a check, as is set forth in the said amended answer, given her for "serv-ices and board of George H. Troxler to date," the same was obtained from the plaintiff in this action by false representation, concealment and fraud of defendant with the purpose of cheating her out of her services sued for in this case; that the plaintiff is not an educated woman and is only capable of writing her name, and if any such state-ment was made upon the face of said check, her attention· was not called to it; she did not see it at the time it is alleged that said check was given to her and accepted by her and cashed by her."

Plaintiff testified that she was living in the intestate's house and got her house rent free, and, further, that she endorsed the check of 8 September, 1924, and got the money. Plaintiff further testified, in regard to the check of 8 September, 1924, upon which was the notation referred to, that Mattie Cobb gave her the check, but that she had .

no recollection of what was on it. Plaintiff was permitted to testify, over the objection of defendant, that she thought the check was for board only, and that if there was anything on the check that bound her, she did not know it; that she could read and write a little bit and could write her name sometimes so anybody could read it.

The following issues were submitted to the jury: (1) Did the plaintiff receive and endorse the check dated 8 September, 1924, as alleged in the defendant's further defense? (2) If so, was such receipt and endorsement procured by the fraudulent conduct of the defendant, as alleged in the plaintiff's reply? (3) What amount, if any, is plaintiff entitled to recover of the defendant? The jury answered the first issue, no; the second issue, yes; and the third issue, $3,000.00.

There was judgment upon the verdict and the defendant appealed.

*R. C. Strudwick, John J. Henderson, John A. Barringer for plaintiff.*
*Long & Allen, Coutler, Cooper & Carr for defendant.*

BROGDEN, J. Was there sufficient allegation of fraud and any evidence thereof, warranting the submission of the second issue to the jury?

It is established law in this State that, in pleading fraud, the facts constituting fraud, must be clearly alleged in order that all the necessary elements may affirmatively appear. *Nash v. Hospital Co.,* 180 N. C., 59; *Lanier v. Lumber Co.,* 177 N. C., 200; *Colt v. Kimball,* 190 N. C., 169.

The only facts alleged as constituting fraud are as follows: "That the plaintiff is not an educated woman and is only capable of writing her name, and if any such statement was made upon the face of said check, her attention was not called to it; she did not see it at the time it is alleged that said check was given to her and accepted by her and cashed by her." This is not a sufficient allegation of fraud. *Colt v. Kimball, supra.*

Nor is there sufficient evidence of fraud to be submitted to the jury. The only testimony relied upon from which fraud could be inferred is that plaintiff testified that Mattie Cobb gave her the last check that had the entry "for services and board of George H. Troxler to date," written thereon, and that she thought it was for board like the other checks that had been given her; that she had no education and that she could read and write a little bit, and that she did not know why the memorandum was written. There is no suggestion that the defendant was present when the check was delivered to her or made any statement to the plaintiff about the check, or in any way or manner prevented her from reading the check or ascertaining its meaning, or hav-

ing the entries thereon explained to her. This testimony of plaintiff constituted no evidence of fraud, and where there is no evidence to support an issue, it should not be submitted to the jury. *Brown v. Kinsey,* 81 N. C., 245; *S. v. Prince,* 182 N. C., 790; *Markham-Stephens Co. v. Richmond Co.,* 177 N. C., 364; *Colt v. Kimball,* 190 N. C., 169; *S. v. Martin,* 191 N. C., 404.

The defendant in apt time requested the court to charge the jury as follows: "I charge you that if you find the facts to be as shown by the evidence in this case, you will answer the second issue, no." His Honor refused to so charge the jury. Under the evidence in this case the defendant was entitled to this instruction. *Markham-Stephens Co. v. Richmond Co.,* 177 N. C., 364.

The plaintiff contends that the second issue was immaterial, but an examination of the record will disclose that the first and second issues were so closely related and interwoven that a consideration of the second issue no doubt had a bearing upon the answer to the first.

There are other serious exceptions as to the effect of the memorandum on the check in controversy, and as to the competency of evidence. We express no opinion as to these exceptions.

New trial.