J. L. McGEE v. J. C. WARREN, Trading and Doing Business Under the Firm Name of WARREN TRANSFER COMPANY.

(Filed 14 May, 1930.)

1. **Highways B e—Evidence that defendant's negligence in parking truck without lights was proximate cause of injury held sufficient.**

Where in an action to recover damages for an injury received in an automobile accident occurring in another State the evidence tends to show that the automobile in which plaintiff was riding as a guest collided with the tail gate of the defendant's truck which was parked partly across the highway without a tail light in violation of statute of the jurisdiction wherein the accident occurred, and that such negligence was a proximate cause of the injury is sufficient to sustain a verdict in the plaintiff's favor.

**2. Negligence C c; Highways B g—Where plaintiff is mere invitee of driver, negligence of driver will not be imputed to plaintiff.**

Where the plaintiff in an action to recover damages for an injury received in an automobile accident is a mere invitee or passenger in one of the automobiles driven by the owner entirely independently of the plaintiff and not under his control, and there is no evidence that the driver and the plaintiff were engaged in a joint enterprise: *Held*, the negligence of the driver, if any, is not imputed to the plaintiff, and he may recover of the defendant if the defendant's negligence was a proximate cause of the injury.

CIVIL ACTION, before *Shaw, J.*, at October Term, 1929, of MECKLEN-BURG.

The evidence tended to show that the plaintiff, while riding in an automobile owned and operated by his son, collided with a truck owned by the defendant, between Anderson and Greenville in the State of South Carolina. The collision occurred about 4:40 or 5:00 o'clock in the morning and before daylight. There were no lights on the truck at the time of the collision and the truck was standing still.

The evidence further disclosed that the tail gate of the truck was hanging down. The driver of the automobile offered evidence tending to show that he was keeping a lookout and that the lights on his car were burning. The truck was parked on a curve and he could see twenty or thirty feet ahead and could stop his car at the speed at which he was traveling within fifteen feet. He said: "I saw a great big object in the road and ran thirty feet. I would have missed it had I seen that gate hanging down. I could in plenty of time have got by if there hadn't been a tail gate down. I saw the object about twenty or thirty feet before I got to it. . . . I was running around the curve, and when I got within twenty or thirty feet of the truck I saw it and thought the road was blocked at my first glance, and put on my brakes with the intention of stopping. I merely slowed up and saw an opening and put the gas to her and cut around. I did not increase my speed any. . . . I do not know that I could have stopped my car at the speed I was running if I had applied my brakes when I first saw the truck. . . . If it had not been for the tail gate I could have gotten by; I would have come within three or four feet of it. . . . I could see an object twenty feet ahead of me with my lights without any trouble. I could have seen an object further than fifty feet if it had not been on that curve. I could not see quite as far on the curve. I would hardly think I could see it thirty feet away. I should say I could see it twenty feet. I did not realize what it was, whether it was an automobile, house, or what it was." Another witness, who was traveling in the same direction with plaintiff's car, testified that the truck was not lighted, and

22—198

that he would have hit it himself had he not seen the tail light of plaintiff's car when it turned to the left to avoid the truck.

The evidence tended to show that when the driver of the car cut to the left the tail gate of the truck struck the side of the car in which plaintiff was riding and crushed him, by reason whereof he suffered serious and permanent injury.

The evidence further showed that the driver of the car was traveling about twenty or twenty-five miles at the time of the collision. The laws of South Carolina were offered in evidence, fixing a speed limit of forty-five miles an hour and requiring a red tail light upon vehicles used upon the highway. Certain decisions of the Supreme Court of South Carolina were also offered in evidence.

The trial judge presented the question to the jury, based upon the South Carolina statutes and decisions, and also the common law of North Carolina. There was no objection to the charge in this particular.

The jury answered the issues in favor of plaintiff and assessed the damage at $7,500.

From judgment upon the verdict the defendant appealed.

*Stewart, McRae & Bobbitt and Kurtz P. Smith for plaintiff.*
*Hamilton C. Jones, J. Laurence Jones and T. C. Guthrie for defendant.*

Brogden, J. The Supreme Court of South Carolina considered the question involved in this appeal in the case of *Lipford v. General Road and Drainage Construction Co.,* 110 S. E., 405. In that case a truck was left standing in the night time without lights. The plaintiff ran into the rear of the standing truck and his automobile was considerably damaged. The defendant moved for a directed verdict upon the ground that there was no proof of negligence and undisputed proof of negligence of plaintiff. However, the court held that the testimony was susceptible of more than one inference as to negligence, and hence an issue of fact was raised which should have been submitted to a jury.

Viewing the question involved, in the light of the decisions of this jurisdiction, the question was properly submitted to the jury. The plaintiff was an invited guest or gratuitous passenger at the time of the collision. There was no evidence that he was engaged in a joint enterprise with the driver or that he had any control whatever of the car or that he failed to perform any duty imposed by law upon him as a guest or gratuitous passenger. This aspect of liability was discussed in the case of *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180, where it was held that ordinarily the negligence of a driver will not be imputed to a

guest or occupant of an automobile "unless such guest or occupant is the owner of the car or has some kind of control of the driver. Of course if the negligence of the driver is the sole, only, proximate cause of the injury, the injured party could not recover. This rule is not based upon the idea of contributory negligence on the part of the injured party, but rather upon the idea that the party causing the injury was not guilty of any negligence, which was the proximate cause thereof."

In the case at bar there was ample evidence tending to show negligence upon the part of defendant, and also that there was a causal connection between the negligence of defendant and the injury sustained by the plaintiff. Even if it be assumed that the driver of the car was negligent in failing to keep a proper lookout, in no event could such negligence be imputed to the plaintiff upon the facts and circumstances disclosed by the record. Moreover, it has been held: "As to whether the motorist at a given time was keeping a reasonably careful lookout to avoid danger is ordinarily an issue of fact," etc. *Williams v. Exp. Lines, ante,* 193. In truth, the *Williams case, supra,* is determinative of the principles of liability involved in this appeal.

No error.