ELIZA KING, MARY BURCHETT, DORA BURCHETT AND LEE BUR-
CHETT v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 25 February, 1931.)

1. **Railroads D b—Evidence of negligence held properly submitted to
jury, and issue of contributory negligence tendered was properly
refused.**

Where in an action against a railroad company to recover damages
for an alleged negligent personal injury there is evidence that the defend-
ant's train was backed over a public highway crossing without giving
any signal or warning and without a lookout on the rear of the train,
and that it collided with an automobile in which the plaintiffs were rid-
ing as mere guests, and there is no evidence that the plaintiffs owned the
car or had any control over the driver or were engaged in a common
enterprise: *Held*, the evidence is sufficient to take the case to the jury
on the issues of negligence and proximate cause, and the refusal to
submit an issue as to the contributory negligence of the plaintiffs is not
error, the negligence of the driver, if any, not being imputable to the
plaintiffs. *Earwood v. R. R.*, 192 N. C., 27, cited and applied.

2. **Trial F a—Where there is no evidence to support issue tendered refusal
to submit such issue is not error.**

It is not error for the trial court to refuse to submit an issue to the
jury as to plaintiff's contributory negligence raised by the pleadings when
there is no evidence in support of such issue.

CIVIL ACTION, before *Devin, J.*, at May Term, 1930, of WARREN.

Each of plaintiffs instituted a suit for damages against the defendant,
alleging in substance that on the afternoon of 29 November, 1926, they
were traveling as gratuitous guests in an automobile owned and driven
by Hunter Merrimon upon a public highway leading from Oakville,
North Carolina, toward Warren Plains; that the tracks of defendant
crossed said highway at grade. There is a North Carolina stop sign
and a railroad cross-arm at the crossing.

The evidence tended to show that snow was falling and that about
three o'clock in the afternoon the engineer of a locomotive engine
backed said engine from Warren Plains toward Macon over said crossing
and that at the time of reaching the crossing the engine was running
25 or 30 miles an hour. There was also testimony from several wit-
nesses that there was no lookout on the back of the engine and no signal
whatever was given for the crossing. The plaintiffs testified that just
as they were about to cross the track they saw the engine and attempted
to avoid the collision, but that the engine struck the car in which they
were riding, inflicting personal injury. The evidence with respect to

KING *v.* R. R.

how far a train could be seen was conflicting and contradictory. There was evidence on behalf of plaintiffs that the vision was obstructed to the south by bushes and an embankment, and that by reason thereof a train could not be seen until a person got "right on the track." Another witness testified that "when within 20 feet of it I would say you could see 20 or 25 feet down the track." Another witness testified that when within 20 or 25 feet of the nearest rail of the track you could not see an engine very far. The defendant offered evidence by a civil engineer who actually made measurements that at a point 25 feet from the rail "I could see 1,550 feet." Another witness for defendant testified that when within 5, 6, or 7 feet of the crossing "You can see as far as your eyes will let you."

There was further evidence offered by the plaintiffs to the effect that the driver of the car stopped the car at the North Carolina stop sign; that the driver and all occupants of the car looked and listened, and that they continued to look all the way until the car was on the track. The driver of the automobile did not stop his engine and the curtains were up, but all the occupants testified that they were looking and listening.

There was no evidence that plaintiffs owned or had any control whatever over the car or the driver. Nor was there evidence of joint enterprise.

The cases were consolidated for trial and appropriate issues were submitted in behalf of each plaintiff. The jury answered the issue of negligence in favor of plaintiffs and awarded damages in the sum of $500 to each plaintiff. The defendant tendered an issue of contributory negligence in each case, which the trial judge refused to submit to the jury.

From judgment upon the verdict the defendant appealed.

*George C. Green, Charles J. Katzenstein and William T. Polk for plaintiff.*

*Murray Allen and Julius Banzet for defendant.*

BROGDEN, J. The liability of the defendant in this case is governed by the opinion in *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180. See, also, *McGee v. Warren,* 198 N. C., 672, 153 S. E., 162; *Smith v. R. R., ante,* 177; North Carolina Law Review, December, 1930, p. 98.

The defendant insists that it was the duty of the court to submit an issue of contributory negligence in each case. Of course, issues arise upon the pleadings and must be framed accordingly. Nevertheless, the trial judge is not required to submit an issue to the jury if there is no

evidence to support it. *Brown v. Kinsey*, 81 N. C., 245; *Rice v. R. R.*, 174 N. C., 268, 93 S. E., 774; *Hoggard v. Brown*, 192 N. C., 494, 135 S. E., 331; McIntosh North Carolina Practice and Procedure, p. 545.

The record discloses no evidence of contributory negligence and the ruling of the trial judge was correct.

No error.