Each of plaintiffs instituted a suit for damages against the defendant, alleging in substance that on the afternoon of 29 November, 1926, they were traveling as gratuitous guests in an automobile owned and driven by Hunter Merrimon upon a public highway leading from Oakville, North Carolina, toward Warren Plains; that the tracks of defendant crossed said highway at grade. There is a North Carolina stop sign and a railroad cross-arm at the crossing.
The evidence tended to show that snow was falling and that about three o'clock in the afternoon the engineer of a locomotive engine backed said engine from Warren Plains toward Macon over said crossing and that at the time of reaching the crossing the engine was running 25 or 30 miles an hour. There was also testimony from several witnesses that there was no lookout on the back of the engine and no signal whatever was given for the crossing. The plaintiffs testified that just as they were about to cross the track they saw the engine and attempted to avoid the collision, but that the engine struck the car in which they were riding, inflicting personal injury. The evidence with respect to *Page 399 
how far a train could be seen was conflicting and contradictory. There was evidence on behalf of plaintiffs that the vision was obstructed to the south by bushes and an embankment, and that by reason thereof a train could not be seen until a person got "right on the track." Another witness testified that "when within 20 feet of it I would say you could see 20 or 25 feet down the track." Another witness testified that when within 20 or 25 feet of the nearest rail of the track you could not see an engine very far. The defendant offered evidence by a civil engineer who actually made measurements that at a point 25 feet from the rail "I could see 1,550 feet." Another witness for defendant testified that when within 5, 6, or 7 feet of the crossing "You can see as far as your eyes will let you."
There was further evidence offered by the plaintiffs to the effect that the driver of the car stopped the car at the North Carolina stop sign; that the driver and all occupants of the car looked and listened, and that they continued to look all the way until the car was on the track. The driver of the automobile did not stop his engine and the curtains were up, but all the occupants testified that they were looking and listening.
There was no evidence that plaintiffs owned or had any control whatever over the car or the driver. Nor was there evidence of joint enterprise.
The cases were consolidated for trial and appropriate issues were submitted in behalf of each plaintiff. The jury answered the issue of negligence in favor of plaintiffs and awarded damages in the sum of $500 to each plaintiff. The defendant tendered an issue of contributory negligence in each case, which the trial judge refused to submit to the jury.
From judgment upon the verdict the defendant appealed.
The liability of the defendant in this case is governed by the opinion in Earwood v. R. R., 192 N.C. 27, 133 S.E. 180. See, also, McGee v.Warren, 198 N.C. 672, 153 S.E. 162; Smith v. R. R., ante, 177; North Carolina Law Review, December, 1930, p. 98.
The defendant insists that it was the duty of the court to submit an issue of contributory negligence in each case. Of course, issues arise upon the pleadings and must be framed accordingly. Nevertheless, the trial judge is not required to submit an issue to the jury if there is no *Page 400 
evidence to support it. Brown v. Kinsey, 81 N.C. 245; Rice v. R. R.,174 N.C. 268, 93 S.E. 774; Hoggard v. Brown, 192 N.C. 494,135 S.E. 331; McIntosh North Carolina Practice and Procedure, p. 545.
The record discloses no evidence of contributory negligence and the ruling of the trial judge was correct.
No error.