This was a civil action heard and tried in the municipal court of the city of High Point, before Lewis E. Teague, judge, and a jury, at the April Term, 1930, of said court.
It is an action for actionable negligence brought by plaintiff against defendant. Defendant denied negligence and set up the plea of contributory negligence.
The evidence on the part of plaintiff was to the effect that he was a guest or gratuitous passenger in an Essex coach automobile driven by one W. G. Long. Long and his wife were in the front set, Long at the steering-wheel and his wife beside him, plaintiff in the rear seat. The automobile was so constructed that it was necessary for the person in front of him to get up and the seat be turned down and open the door before plaintiff could get out. That defendant's train was backing and the automobile was stuck on the middle track, Long and his wife, after sensing the situation, were able to escape, Long opening the door on his side and his wife the one on her side, but plaintiff was not able to escape in time, and in getting out behind Mrs. Long he got as far as the running board and was caught by the backing train of defendant and seriously injured, losing his leg, which had to be amputated about 3 inches below the knee.
The collision occurred on 5 February, 1920, about 5 to 10 minutes after 12 o'clock noon, where defendant's railroad tracks cross Oak Street in High Point. The automobile in which plaintiff was riding was headed north, traveling on the east side Oak Street. There were three railroad tracks of defendant crossing Oak Street at this place. The center of the crossing, some 7 to 9 feet, was in fairly good condition for automobiles to cross, but the balance of the crossing was unballasted, uneven and in bad condition on the side the automobile was *Page 105 
being driven by Long. The rails projected up and the cross-ties could be seen. "The rails on Mr. Long's side as he proceeded north were sticking up pretty high and pretty rough." The street was about 24 to 30 feet wide. Long was coming down the road on the right side, traveling on that side, to avoid a car he was meeting. On approaching the tracks of the railroad crossing Oak Street one could not see in the direction the train was coming on account of obstruction until within about 15 feet, or, as testified to by plaintiff, "practically on the crossing," and then not over some 40 feet. No train was seen or heard — no bell ringing or whistle blowing.
Long, the driver of the automobile, testified in part: "I undertook to cross the crossing that is referred to in this case. . . . I just got stopped on it. I tried to get the car off the track both ways, and there was only one thing to do, and that was to jump out to keep from being killed. I couldn't get my car off because it was hung on the rail. When I went up to this crossing I looked both ways to see if a train was coming and saw none. I slowed down. I remember one automobile passing when I went to cross, and when that car was passing my car had to go away over to the right where the road was not filled up. In crossing there at that time I had to cross over the exposed T-irons. Dewey Campbell and my wife and myself were in the car. Dewey Campbell had nothing to do with the driving of the car. The train hit my automobile just about the time I got out. It went about 40 feet down the track. If the train slackened its speed I couldn't tell it. It tore my automobile all to pieces.:
It was further in evidence that Long, after getting stuck between the rails, tried to go forward and then backward, but could do neither. The wheels of the automobile were spinning around, snow was on the ground. As soon as plaintiff discovered the situation he exclaimed to Long: "Lord, Bill, there's the train," and the train was backing on them some 50 feet away.
T. P. Anderson, a witness for plaintiff, testified in part: "I was familiar with the condition of the crossing. I don't think the space between the rails was filled in for the entire width of the crossing with either wood, brick, concrete, stone or other suitable material all the way across. . . . When I first saw his car it was on the track. From the time I first saw the train it was at least 100 feet from the car. . . . I saw the occupants in the car. Mr. Long appeared to be trying to move his car. I saw Mr. Campbell rise up in the back of the car. I saw Mr. Long get out; I saw Mrs. Long get out; I saw Mr. Campbell start out the same door Mrs. Long went out of."
The issues submitted to the jury and their answers thereto were as follows. *Page 106 
"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.
2. Did the plaintiff, by his own negligence, contribute to his, injury, as alleged in the answer? Answer: No.
3. If so, could the defendant, by the exercise of reasonable prudence and proper care, have avoided injuring the plaintiff, as alleged in the complaint? Answer: ____________
4. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $11,875.
Judgment was rendered on the verdict by the municipal court of the city of High Point. Numerous exceptions and assignments of error were made by defendant and appeal taken to the Superior Court.
The following judgment was rendered in the Superior Court: "This cause coming on to be heard upon appeal from the municipal court of the city of High point, and being heard upon the assignments of error on the part of the defendant as set forth in the record: It is ordered that each and every assignment of error appearing in the record by overruled; that the judgment heretofore rendered in the municipal court of the city of High Point be in all things affirmed, and that the clerk of this court certify this opinion to the municipal court of the city of High Point to the end that said cause my be proceeded with according to law."
The defendant made numerous exceptions and assignments of error, the same, as on appeal to the Superior Court and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.
At the close of plaintiff's evidence and at the close of all the evidence, the defendant made motions in the municipal court of the city of High Point for judgment as in case of nonsuit. C. S. 567. The court refused these motions, and in this we can see no error. On appeal to the Superior Court the numerous exceptions and assignments of error taken to the trial in the municipal court on questions of law were overruled, which we think correct.
It is the settled rule and the accepted position in this jurisdiction that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim, and which tends to support his cause of action, whether offered by the plaintiff or elicited from the defendant's witness, will be taken and considered in its most favorable light for the plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom. The *Page 107 
evidence in the present action was to some extent conflicting, but this was a matter for the jury to determine.
An ordinance in regard to railroad crossings, in force in the city of High Point at the time, is as follows: "It shall be the duty of all railroad companies owning or operating railroads within the limits of the city of High Point to keep all grade crossings and overhead bridges, used by vehicles or pedestrians, or both, in a smooth, level, clean and perfectly safe condition at all times by paving same with wood, brick, concrete, stone or other suitable materials: said crossings to be so maintained for the full width of the street and sidewalks and for the full distance of the railroad right of way on both sides of the track or tracks; that any railroad company failing to keep and observe the requirements of this ordinance shall be subject to a penalty of $25 for each offense; that each day's failure or neglect on the part of any railroad company to keep and observe any of the requirements or provisions of this ordinance shall constitute a separate and distinct offense."
If Long, the driver of the car, had been injured and had brought an action against defendant, the evidence was sufficient to be submitted to the jury on the question of negligence and contributory negligence. Earwoodv. R. R., 192 N.C. 27; McGee v. Warren, 198 N.C. 675; Smith v. R. R.,200 N.C. 177; King v. R. R., 398; Madrin v. R. R., 200 N.C. 784.
Plaintiff was guest or gratuitous passenger. It is well settled that "Negligence on the part of the driver will not, ordinarily, be imputed to a guest or occupant of an automobile unless such guest or occupant is the owner of the car or has some kind of control of the driver. Bagwell v. R.R., 167 N.C. 611; White v. Realty Co., 182 N.C. 536; Williams v. R. R.,187 N.C. 348; Albritton v. Hill, 190 N.C. 429. Of course, it the negligence of the driver is the sole, only proximate cause of the injury, the injured party could not recover." Earwood v. R. R., 192 N.C. at p. 30; Dickey v. R. R. 196 N.C. 726.
On this aspect the court charged the jury: "If you find from the evidence in this case and by its greater weight that the defendant in this case was negligent and that W. G. Long, the operator of the automobile on this occasion, was negligent and that their negligence cooperating and concurring there together was the proximate cause of the injury that the plaintiff received on this occasion, then the court charges you that under that circumstance it would be your duty to answer the first issue `Yes.' The court further charges you, gentlemen of the jury, if you find by the greater weight of the evidence in this case that the operator of the automobile, W. G. Long, was negligent and his negligence was the sole proximate cause of the injury that the plaintiff in this case received, then the court charges you that under that circumstance it would be you duty to answer the first issue `No.'" *Page 108 
The contention of the defendant that the charge in reference to damages was erroneous cannot be sustained. The judge of the municipal court, after setting forth accurately the contentions of the parties in reference to damages, charged the jury: "You will not consider any expense that the plaintiff in this case has gone to as a result of this injury, because there is no evidence in this case that he has gone to any expense as a result of that injury, and you will pass upon the amount of damage he is entitled to recover for the injury he received on this occasion; that is, the present worth of that amount that he is entitled to receive. Of course, that takes into consideration, under the charge I have given you, that you are giving him one compensation which will compensate him for the injury that he received, taking into consideration the past suffering, present suffering, and future suffering, and the condition of his person. This part of the charge was not excepted to, and that part which was excepted to on this phase was consistent and not conflicting.
In Ledford v. Lumber Co., 183 N.C. at p. 616-17 rule is thus stated: "And it is for the jury to say, under all the circumstances, what is a fair and reasonable sum which the defendant should pay the plaintiff, by way of compensation, for the injury he has sustained. The age and occupation of the injured party, the nature and extent of his business, the value of his services, the amount he was earning from his business, or realizing from fixed wages, at the time of the injury, or whether he was employed at a fixed salary, or as professional man, are matters properly to be considered. Rushing v. R. R., 149 N.C. 158. The sum fixed by the jury should be such as fairly compensates the plaintiff for injuries suffered in the past and those likely to occur in the future. The award is to be made on the basis of a cash settlement of the plaintiff's injuries, past, present and prospective. Penny v. R. R., 161 N.C. 528; Fry v. R. R.,159 N.C. 362." O'Brien v. Parks Cramer Co., 196 N.C. 366-7.
In O'Brien v. Parks Cramer Co., supra, at p. 367, the following observation is made: "If the defendant desired fuller instruction or in any special way, it should have asked for an instruction sufficient to present its view or so as to direct the attention and consideration of the jury more pointedly to that particular phase of damage which defendant desired to present."
The question presented by defendant as to the impeachment of the jury cannot be sustained. It is well settled in Lumber Co. v. Lumber Co., 187 N.C. at p. 418, citing numerous authorities: "It is firmly established in this State that jurors will not be allowed to attack or to overthrow their verdicts, nor will evidence from them be received for such purpose. . . . But this rule does not affect the power of the court to perfect a verdict, nor to correct any inadvertence or mistake that *Page 109 
may have occasioned the entry of verdict at variance with the real finding of the jury."
The exception and assignment of error made by defendant on this aspect, is as follows: "For this his Honor refused to permit the defendant to offer evidence to show that the verdict of the jury was a quotient verdict, and refused to set aside said verdict."
In Barbee v. Davis, 187 N.C. at p. 85, citing numerous authorities, "There was no error, for another reason. Adams, J., in Snyder v. Asheboro,182 N.C. 710, says: `Since the record fails to disclose what the witness would have been said, we cannot assume that his answer would have been favorable to the defendant. It would be vain to grant a new trial upon the hazard of an uncertain answer by the witness.'" Ice Co., v. ConstructionCo., 194 N.C. at p. 409. We can see no error in the charge as a whole.
In re Mrs. Hardee's Will, 187 N.C. at p. 382-3, we find,: "It is now settled law that the charge of the court must be considered and examined by us, not disconnectedly, but as a whole, or at least the whole of what was said regarding any special phase of the case or the law. The losing party will not be permitted to select detached portions of the charge, even if in themselves subject to criticism, and assign errors as to them, when, if considered with other portions, they are readily explained, and the charge in its entirety appears to be correct. Each portion of the charge must be considered with reference to what precedes and follows it. In other words, it must be taken in its setting. The charge should be viewed contextually and not disjointedly. Any other rule would be unjust, both to the trial judge and to the parties." Brown v. Tel. Co., 198 N.C. 773-4.
The exception and assignment of error as to the jury not answering the third issue, involving last clear chance, is immaterial on this record. The Supreme Court will not consider exceptions arising upon the trial of another issue, when the issues found by the jury are sufficient to support the judgment. Sams v. Cochran, 188 N.C. at p. 734.
On this record, as the plaintiff was a guest or gratuitous passenger, we must call attention to another well settled principle of law set forth inWhite v. Realty Co., 182 N.C. at p. 538: "But if any degree ever small, of the causal negligence, or that without which the injury would not have occurred, be attributable to the defendant, then the plaintiff in the absence of any contributory negligence on his part, would be entitled to recover; because the defendant cannot be excused from liability unless the total causal negligence, or proximate cause, be attributable to another or others. `When two efficient proximate cause contribute to an injury, if defendant's negligent act brought about one of such causes, he is liable.'Wood v. Public Service Corp., 174 N.C. 697." Earwood v. R. R., supra. *Page 110 
The court below charged: "If you are satisfied by the greater weight of the evidence in this case that the defendant railroad company failed to comply with that city ordinance, . . . in keeping that grade crossing according to requirements in this ordinance, that that would be negligence, and if you are further satisfied by the greater weight of the evidence that that negligence was the proximate cause of the injury that this plaintiff received on this occasion, then the court charges you that under that circumstance it would be you duty to answer the first issue `Yes'."
The above principle is well settled in this jurisdiction. Delaney v.Henderson-Gilmer Co., 192 N.C. 651.
The exceptions and assignments of error that defendant's prayers for instructions were not given, cannot be sustained. The parts of the special instructions prayed for, that were correct in law and applicable to the facts in this action, were fully set forth in the charge. The court below in the charge defined burden of proof and applied it in reference to the different issues; in like manner negligence and proximate cause and contributory negligence. The charge is unusually clear and comprehensive, covering every phase of the controversy, and complies fully with C. S., 564.
We find no error in law. The judgment of the court below is
Affirmed.